**Ronald G. BRYANT, Plaintiff–Appellant,**

v.

**David MADIGAN, Nancy Griffin, and Dorothy Mulcahey, Defendants– Appellees.**

**No. 95–2349.**

United States Court of Appeals, Seventh Circuit.

Aug. 1, 1996.

---

Ronald G. Bryant, Urbana, IL, for Plaintiff–Appellant.

Lorna K. Geiler, Meyer, Capel, Hirschfeld, Muncy, Jahn & Aldeen, Champaign, IL, James C. Dedman, Office of the State's Attorney of Champaign County, Urbana, IL, for Defendants–Appellees.

Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.

PER CURIAM.

Bryant, an Illinois state prisoner, brought this damages suit against his keepers, complaining that they had refused his request for guardrails for his bed and that as a result he had broken his leg when a severe leg spasm caused him to fall out of bed. (Bryant is a paraplegic, and leg spasms are a symptom of his condition.) He also complained that after the operation to fix his leg he was denied pain medication. He alleged violations of both the Eighth Amendment and the Americans With Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* The district judge granted summary judgment for the defendants. Bryant appealed. We affirmed the dismissal of his claim under the disabilities act, but reversed the dismissal of his Eighth Amendment claim. In reliance on an affidavit and deposition by medical practitioners, the district judge had concluded that the defendants had not been deliberately indifferent to Bryant's medical needs. We held that in basing his decision on the affidavit and deposition when he did, the district judge had jumped the gun. *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982), requires that an unrepresented party be notified of the consequences of failing to respond to evidence presented in support of his opponent's motion for summary judgment with evidence of his own; must be told, in short, that he cannot rest on his pleadings. After the defendants submitted their evidence, the judge "granted [the parties] an additional fourteen days to submit any further materials permitted by Fed.R.Civ.P. 56," but did not say anything about the consequences for Bryant in failing to take up this invitation. It was on this basis that we reversed.

■ The defendants have asked for rehearing, on the ground that *Lewis v. Faulkner* notices were sent to the plaintiff and simply omitted by inadvertence from the appellate record. Actually, they don't seem to have been a part of the record in the district court either, as there is no reference to them in the district court docket sheet. The defendants have, however, submitted the affidavit of a deputy clerk of the district court that notices were sent (two identical notices, sent one month apart), together with the copies of the notices, and in his reply to the petition for rehearing the plaintiff does not deny having received them. So we shall assume they were sent. But they are not a good ground for our changing our decision, because they are not informative. All they say, after telling the party that a motion for judgment has been filed by his adversary and that he has 14 days within which to respond, is that "You may respond by affidavits or as otherwise provided in Rule 56. If you do not respond, the motion, if appropriate, shall be entered against you. See generally *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982); *Ross v. Franzen,* 777 F.2d 1216, 1219 (7th Cir.1985)." Bryant did respond; only he did not counter the affidavits that the defendants had presented in support of their motion with affidavits (or equivalent evidence) of his own. The notices did not tell him that a failure to respond in that way might be fatal. The entire purpose of *Lewis v. Faulkner* is to warn an unrepresented party (and in Bryant's case, the unrepresented party was clearly a legally unsophisticated party, as well) of the consequences of failing to respond with affidavits, or other evidence, as distinct from argument. These notices don't do that. *Timms v. Frank,* 953 F.2d 281, 285–86 (7th Cir.1992); see also *Kincaid v. Vail,* 969 F.2d 594, 599 (7th Cir.1992); *Neal v. Kelly,* 963 F.2d 453, 456–57 (D.C.Cir.1992). Compare *Champion v. Artuz,* 76 F.3d 483, 486 (2d Cir.1996) (per curiam). Mere citation of *Lewis* is not enough, since an unrepresented party, especially as in this case a prisoner, cannot be assumed to have the knowledge required to look up a case and read it with comprehension. The notices mention Rule 56 but do not even bother to say "of the Federal Rules of Civil Procedure." The notices are drafted as if addressed to an insider, by which we mean a lawyer rather than an inmate.

■ We are distressed not only by the vagueness of the notices but also by the statement in the deputy clerk's affidavit that her understanding of the rules of this court is that "Notices [including notices required by *Lewis v. Faulkner*] are not to be sent as part of the Record on Appeal." As the basis for this understanding she cites an order by this court, issued on June 13, 1984, amending 7th Cir.R. 4(a)(1) to direct that among the items not to be included in the appellate record unless directed by this court were "notices and filings." Alas, the amendment was in error; "and" should have been "of." The error was corrected by order of March 1, 1987 (see 7th Cir.R. 10(a), the successor to Rule 4(a)(1)), as we take this opportunity to remind any other district court clerks who may have missed the correction. It is essential that the *Lewis v. Faulkner* notices be included in the appellate record, since unless they are sent to unrepresented parties the grant of summary judgment to their opponents may be invalid.

The petition for rehearing is

DENIED.