```
┌─────────────────────────────────────────────┐
│            NONPRECEDENTIAL DISPOSITION        │
│  To be cited only in accordance with Fed. R. App. P. 32.1 │
└─────────────────────────────────────────────┘
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 21, 2015[*]
Decided April 22, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-3093

| | |
|---|---|
| CHRISTOPHER DIRIG, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:12-cv-549 |
| WILLIAM WILSON, et al., *Defendants-Appellees*. | William C. Lee, *Judge*. |

**O R D E R**

Christopher Dirig, an Indiana prisoner, has sued the former warden and three guards at his prison claiming that he was gratuitously beaten and abused in violation of the Eighth Amendment. The district court granted summary judgment for the defendants on the ground that Dirig's failure to exhaust his administrative remedies before filing suit is undisputed. Because Dirig was not adequately informed that

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

admissible evidence rather than unsworn allegations is necessary to oppose a motion for summary judgment, we vacate the decision and remand for further proceedings.

The underlying facts, as Dirig tells them in his submissions to the district court, are as follows. On April 19, 2011, the three guards, acting on orders from the warden, beat him while he was in segregation on suicide watch. After taking him to a "dog-like cage" without security cameras, the guards sprayed him with Mace, spit on him, undressed him, and chained him to a chair in the cage. The guards also hurled racial slurs at him. Dirig was kept in the cage for over five hours and then placed in a protective cell, still naked, without water, a mattress, blankets, or a working toilet.

The next day, Dirig contends, he reported the incident to a counselor who promised to notify the warden. That was the last he heard from the counselor. Dirig was released from suicide watch on May 5, 2011, and afterward he submitted a grievance form to the executive assistant, who oversees the grievance process at the prison. The executive assistant wrote Dirig (a copy of this letter is part of the record) saying that his grievance form was untimely and would not be accepted but promising to pass Dirig's allegations along to Internal Affairs.

Dirig filed this suit in state court in August 2012, and the defendants removed it to federal court. *See* 28 U.S.C.A. § 1441(a). After screening, *see* 28 U.S.C. § 1915A, the four defendants filed a "motion to dismiss," arguing that Dirig had not exhausted his administrative remedies, *see* 42 U.S.C. § 1997e(a). They attached Dirig's grievance history and a declaration by a prison administrator attesting that "Dirig did not file a grievance" about the cage incident. The administrator did not acknowledge, though, that Dirig's grievance was *received* but returned to him by the executive assistant. The defendants' motion and supporting memorandum of law mention "summary judgment" only in passing, but still the defendants sent Dirig copies of Federal Rule of Civil Procedure 56, Local Rule 56-1, and a "Notice to Pro Se Litigant" in the form mandated by paragraph (f) of the local rule.

Three days later, the district court sent Dirig its own Notice and Order. The court's order is explicit that the defendants had filed, not a motion for summary judgment, but a motion to dismiss. In opposing that motion, the court's order explains, Dirig could rely "solely" on the allegations in his complaint, which would be "assumed by the court to be true." Dirig opposed the motion to dismiss, asserting that he had filed a grievance, which the prison's executive assistant rejected as late. His grievance was delayed, Dirig said, because he was in segregation on suicide watch without paper or a

writing implement. Like the defendants, Dirig attached several documents to his submission. But he did not verify any of his factual allegations concerning the grievance.

Because the parties had attached evidentiary materials to their submissions, the district court issued a second order, this time explaining that the defendants' motion to dismiss would be deemed a motion for summary judgment and requesting further briefing. *See* FED. R. CIV. P. 12(d). The court said the parties' submissions were "not sufficient for a summary judgment ruling" but did not tell Dirig what he must do to make his opposition to the defendants' motion "sufficient." Dirig responded with medical records confirming that he was in segregation on April 19, but again did not verify statements about the delayed grievance.

The district court granted summary judgment for the defendants without conducting an evidentiary hearing. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). After noting that a "party opposing a properly supported summary judgment motion may not rely merely on allegations or denials," the court concluded that Dirig had failed to "present any evidence that he was precluded from exhausting" his administrative remedies. The court rejected Dirig's argument that he was unable to submit a grievance while on suicide watch, explaining that Dirig had not submitted evidence showing when he was released from segregation and thus regained access to writing instruments. The district court also was skeptical that Dirig could not have gotten staff assistance in preparing a grievance. Without prompting from the defendants, the district seized on a mental-health professional's statement in Dirig's medical records saying a guard told her that Dirig participated in "recreation" on April 20, the day after he was placed on suicide watch. The court further noted, again without prompting, that Dirig had not said he took advantage of a prison regulation allowing prisoners to get help from staff to write a grievance. The district court did not acknowledge, however, that the defendants had never asserted, much less offered evidence, that they complied with a corresponding regulation placing the onus on administrators to "ensure that a mechanism is in place in each housing unit or Unit Team to ensure that offenders . . . who have medical or psychological disabilities have assistance in preparing and submitting a grievance form in accordance with this policy and administrative procedure." IDOC MANUAL OF POLICIES AND PROCEDURES, No. 00-02-301 ("Offender Grievance Process") § XIV(A).

On appeal, Dirig's opening brief is difficult to follow (his reply brief is much clearer). Still, the defendants understand him to argue that whether or not an administrative remedy was available to him is a disputed question. Prisoners are

required to exhaust only those remedies that are available. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). And though the defendants in their brief repeatedly insist that Dirig's factual contentions are not supported by "competent evidence," it was their burden to prove the availability of a remedy, since failure to exhaust is an affirmative defense. *See Westefer v. Snyder*, 422 F.3d 570, 577, 580 (7th Cir. 2005); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004).

In a different case, the defendants' focus on Dirig's continued use of unsworn allegations at summary judgment would be a fair—and probably dispositive—point. But not in this case. The defendants' position presupposes that Dirig was appropriately notified about the import of submitting evidence in response to a motion for summary judgment. When a defendant moves for summary judgment against an unrepresented prisoner, the prisoner must be notified "of the consequences of failing to respond with affidavits" or other evidence. *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982); *see Bryant v. Madigan*, 91 F.3d 994, 996 (7th Cir. 1996); *see also Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992) (extending rule of *Lewis* to all pro se plaintiffs). If the defendant does not supply the required notice, then the responsibility to do so falls on the district court. *See Kincaid v. Vail*, 969 F.2d 594, 599 (7th Cir. 1992).

Dirig did not receive adequate notice. Although the defendants included a notice with their "motion to dismiss,"[1] the district court promptly negated that notice by issuing an order that is directly contradictory. The court's order, which the defendants nowhere acknowledge in their brief, recites the standard for a *motion to dismiss*. That order assured Dirig that he could rely "solely" on factual allegations "in defending against" the motion to dismiss, since the court would assume those allegations to be true. When the district court later converted the defendants' motion to dismiss into one for summary judgment, the court did not recite the standard for summary judgment or alert Dirig that his task in responding was significantly greater than what the court had told him previously. Thus, Dirig never received notice that *evidence* is necessary to counter a motion for summary judgment. *See Jones v. Simek*, 193 F.3d 485, 489 (7th Cir.

---

[1] The notice provided by the defendants is taken verbatim from Appendix C of the Northern District of Indiana's local rules. *See* N.D. IND. L.R. 56-1(f). But we question whether the prescribed form satisfies our admonition that a *Lewis* notice include the text of Federal Rule of Civil Procedure 56 and *also* explain in "ordinary English" that evidence is essential to combat a motion for summary judgment. *See Timms*, 953 F.2d at 285; *Lewis*, 689 F.2d at 102. The "ordinary English" portion of the defendants' notice nowhere mentions affidavits or other evidence.

1999) (explaining that district court must provide notice under *Lewis* when effectively treating motion to dismiss as motion for summary judgment); *Lewis*, 689 F.2d at 101–02 (requiring notice when party moves to dismiss or alternatively for summary judgment and court treats as motion for summary judgment). The defendants did nothing to remedy the court's oversight, which is another fact not mentioned to us in their brief.

Reversal for failing to notify a pro se plaintiff about the means of opposing a motion for summary judgment is appropriate if the plaintiff suffered prejudice. *See Outlaw v. Newkirk*, 259 F.3d 833, 841–42 (7th Cir. 2001); *Timms*, 953 F.2d at 286. Dirig was prejudiced because he alleged facts that, if sworn, would have created disputed issues of material fact concerning the availability of a remedy for him to exhaust. *See King v. McCarty*, No. 13-1769, 2015 WL 1396611, at *2 (7th Cir. Mar. 27, 2015); *Hurst v. Hantke*, 634 F.3d 409, 411 (7th Cir. 2011). Under Indiana's grievance procedures, Dirig first had to seek an informal resolution within five working days of the incident by speaking with a designated staff member, including a counselor. *See* IDOC MANUAL OF POLICIES AND PROCEDURES, No. 00-02-301 ("Offender Grievance Process") § XIII(A), (C). He then had to submit a grievance within five working days of the earliest of (1) being told that an informal resolution was impossible, (2) refusing the offered resolution, or (3) waiting ten working days and receiving no reply to the request for an informal resolution. *See id.* § XIII(C).

Dirig contends that he told a counselor about the assault on April 20, 2011, and that same day received her reply that she would tell the warden. If Dirig rejected this resolution as insufficient the same day, then he had until April 27 to submit his grievance. Dirig insists, though, that he was kept in segregation on suicide watch until May 5. While in segregation, he contends, he lacked access to paper and writing implements. He also tells us, in response to the district court's assumption that he could have requested staff assistance in preparing a grievance, that he did not have access to the grievance procedures and also was brushed off each time he asked to speak with a shift supervisor. To this we add that the defendants have never asserted that Dirig previously had submitted grievances while on suicide watch or that they had complied with the requirement to provide a "mechanism" to ensure that inmates in his position would "have assistance in preparing and submitting a grievance form."

Under Dirig's version of events, he was unable to submit a grievance during the relevant time period, making the remedy unavailable. *See Dole v. Chandler*, 438 F.3d 804, 807, 811 (7th Cir. 2006); *Kaba*, 458 F.3d at 684; *Dale*, 376 F.3d at 656. And if Dirig had been told of the need to respond with affidavits at summary judgment, then he could have

sworn to these facts. This would have created disputed factual issues regarding exhaustion, necessitating an evidentiary hearing. *See Wagoner v. Lemmon*, 778 F.3d 586, 591 (7th Cir. 2015); *Pavey*, 544 F.3d at 742.

The judgment of the district court is VACATED, and the case is REMANDED for further proceedings consistent with this order against William Wilson, Aaron Jonas, Ralph Calhoun, and William Aubin.