NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 27, 2016[*]
Decided February 21, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 15-3887

| | |
|---|---|
| ERIC LEON JOHNSON, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the Northern District |
| | of Indiana, Hammond Division. |
| *v.* | |
| | No. 2:14-cv-249 |
| CITY OF SOUTH BEND, et al., | |
| *Defendants-Appellees*. | William C. Lee, |
| | *Judge*. |

**O R D E R**

Eric Johnson, a pro se litigant, filed this suit under 42 U.S.C. § 1983 in July 2014, principally alleging that three times in early 2004 police officers employed by the City of South Bend, Indiana, entered his apartment unlawfully, searched it, and stole money and other property. On the third occasion, he says, the officers also damaged his car, destroyed electronic equipment, and arrested him without probable cause. Johnson named as defendants the City and the individual police officers. On their motion the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

district court dismissed the action as barred by the 2-year statute of limitations governing § 1983 claims arising in Indiana. *See* IND. CODE § 34-11-2-4; *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Johnson challenges that ruling, and on this record we agree that the district court erred.

Johnson realized that his lawsuit was long delayed, and with his complaint he also filed a "Motion for Statutory Exception" explaining that from October 2004 until September 2013 he had been receiving daily treatment for mental illness and addiction to heroin. The district court read this motion as asking for relief from the statute of limitations on the ground that Johnson had been "under a civil commitment order and could not file his case within the limitations period." Attached to Johnson's complaint are some records from Edgewater Behavioral Health Services in Gary, Indiana. Those records document ongoing treatment for bipolar disorder and drug addiction but do not confirm that Johnson was civilly committed.

The defendants did not answer Johnson's complaint, and they have never asserted that his complaint fails to state a claim for relief. (Indeed, one of the defendant officers has been convicted in federal court of misusing his official authority to enter and steal valuables from homes in South Bend, and in a civil case in federal court that same officer was found liable for violating the civil rights of another city resident who was physically assaulted and had his apartment ransacked after an unlawful entry. *See United States v. Buford*, No. 2:07cr149-003 (N.D. Ind. May 14, 2009); *Longs v. City of South Bend*, No. 3:02-CV-221RM, 2005 WL 2456904 (N.D. Ind. 2005).) Instead, the defendants moved to dismiss, ostensibly under Federal Rule of Civil Procedure 12(b)(6), on the sole ground that Johnson filed his lawsuit outside the statute of limitations. After receiving that motion, the district court entered an order telling Johnson the following:

> … In the spirit of *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982) and *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992), *cert. denied*, 504 U.S. 957, 112 S. Ct. 2307, 119 L.Ed.2d 228 (1992), the plaintiff is hereby notified of his obligations to respond to the defendants' motion to dismiss. …

> By filing a motion to dismiss, the defendants are asking to have this suit decided in their favor because you have either failed to present facts in your Complaint which would entitle you to relief or this court is without jurisdiction to entertain your claim. In ruling on this motion, any factual assertions contained in your Complaint will be assumed by the court to be true and you may rely solely on these allegations in defending against the

defendants' motion to dismiss. However, you may choose to supplement your complaint by stating why the facts you have already presented to the court entitle you to relief under the law. Only after assuming your allegations are true and finding that these allegations do not state a claim under the law or fail to give the court jurisdiction over your claim, shall a dismissal be entered against you.

Johnson filed a response asserting that he had been "acting under the civil commitment clause and according to federal law" was "entitled to a statutory exception" from the statute of limitations. He also quoted a line from what appears to be a treatise on civil procedure: "While a plaintiff whose mental or physical impairments prevent him from complying with a statute of limitations may invoke equitable tolling, the doctrine is permitted only upon a showing that plaintiff's medical conditions in fact prevented the plaintiff from satisfying the imitations requirement." The defendants did not reply to this response, and neither did they nor the district court notify Johnson about the need for evidence to support the invocation of equitable tolling.

In granting the defendants' motion and dismissing the action, the district court reasoned that Johnson's claims had accrued in 2004 and that he did "not have much argument as to why he failed to sue for over 10 years." The court did not address directly the possible application of equitable tolling. Instead, after noting that Johnson had asserted in his Motion for Statutory Exception that he had been "under a civil commitment order," the court denied that motion with the explanation that, even if "a civil commitment would toll the statute of limitations, there is no showing that Johnson was under a civil commitment order." At best, the court added, the medical records submitted with Johnson's complaint establish that he "was voluntarily receiving treatment as an outpatient." Johnson timely moved for reconsideration, *see* FED. R. CIV. P. 59(e), relying explicitly on the doctrine of equitable tolling and clarifying that he "wasn't ordered to go to Edgewater Systems" but thought instead he was "under a volunteered civil commitment." His doctor had recommended Edgewater, and he went because he was "ill, incompetent, and drug addicted." The district court denied this motion.

On appeal Johnson contends that the district court erred in dismissing his lawsuit because, he says, the doctrine of equitable tolling should have overcome the defendants' reliance on the statute of limitations as an affirmative defense. The defendants acknowledge that Indiana's tolling rules apply to § 1983 cases and that the state recognizes equitable tolling for mental incapacity. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); *City of Fort Wayne v. Cameron*, 370 N.E.2d 338, 341 (Ind. 1977). The

defendants even concede that, "[w]hen construed entirely in favor of Mr. Johnson, his Motion for Statutory Exception posits the tolling of the statute of limitations until at least September 14, 2013, the date when Mr. Johnson ceased treatment at Edgewater Systems" for mental illness and drug addiction. But echoing the district court, the defendants argue that equitable tolling based upon mental incapacity cannot apply because "there is no evidence that Mr. Johnson was institutionally committed to Edgewater Systems, or that he was treated as an inpatient" at any time after his claims accrued in 2004. And "[m]ost fatal" to Johnson's tolling argument, the defendants continue, "is the void of evidence" that Johnson was incapacitated during the limitations period.

The defendants, like the district court, cite no authority for their assumption that Indiana courts would refuse to apply the doctrine of equitable tolling to a plaintiff simply because his mental illness did not lead to a civil commitment—involuntary or otherwise—or require inpatient treatment. We cannot find any decision supporting this contention. Moreover, the district court told Johnson that his factual allegations would be accepted as true in ruling on the defendants' motion to dismiss, and what Johnson alleged is that he was "under a civil commitment." The district court did not take him at his word but instead faulted him for not offering proof.

That points to the greater flaw in the defendants' effort to sustain the dismissal. The expiration of a statute of limitations is an affirmative defense. *See* FED. R. CIV. P. 8(c)(1). And since plaintiffs need not anticipate affirmative defenses in a complaint, a motion to dismiss under Rule 12(b)(6) is not the appropriate means for defendants to seek dismissal based on a statute of limitations. *Richards*, 696 F.3d at 637. An affirmative defense might be capable of resolution on the pleadings, *see* FED. R. CIV. P. 12(c), but if a Rule 12 motion cannot be resolved without evidence outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56," *see* FED. R. CIV. P. 12(d). That did not happen here.

Johnson filed his complaint long after the statute of limitations appears to have run, so it was his burden to establish that equitable tolling or some other theory avoids this defense. *See Whitlock v. Steel Dynamics, Inc.*, 35 N.E.3d 265, 269 (Ind. Ct. App. 2015); *Hayes v. Westminster Vill. N., Inc.*, 953 N.E.2d 114, 116 (Ind. Ct. App. 2011). But when a defendant moves for summary judgment in a case involving a pro se plaintiff, or when the district judge in such a case effectively converts a Rule 12 motion into one for summary judgment, the plaintiff must be warned in plain English about the consequences of not opposing the motion with admissible evidence. *See* N.D. IND. L.R. 56-1(f) & App. C; *Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Bryant v. Madigan*, 91

F.3d 994, 995 (7th Cir. 1996); *Kinkaid v. Vail*, 969 F.2d 594, 599 (7th Cir. 1992); *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). The notice given to Johnson by the district court, despite citing *Timms* and *Lewis*, was inadequate because it did not inform Johnson that *admissible evidence* was expected to avoid dismissal. *See Bryant*, 91 F.3d at 996; *Kinkaid*, 969 F.2d at 599. In fact, as we explained recently in another case from the same judge, the notice that was given to Johnson directly contradicts the warning required by *Timms* and *Lewis*. *See Dirig v. Wilson*, 609 F. App'x 857, 859–60 (7th Cir. 2015) (nonprecedential decision).

In short, a pro se plaintiff "must be told … that he cannot rest on his pleadings." *Bryant*, 91 F.3d at 995. Johnson, though, was led to believe that evidence of mental incapacity was unnecessary and then faulted because he did not produce any. And while his long delay in filing suit suggests that his theory of equitable tolling will be difficult to establish, Johnson did not receive a fair opportunity to produce relevant evidence. The district court thus erred in granting the defendants' motion to dismiss.

Accordingly, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings.