In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1142

LARRY BRYANT,

*Plaintiff-Appellant,*

*v.*

CITY OF CHICAGO, ET AL.,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 C 7797 — **John J. Tharp, Jr.**, *Judge.*

SUBMITTED OCTOBER 17, 2013 — DECIDED FEBRUARY 28, 2014

Before FLAUM, RIPPLE, and ROVNER, *Circuit Judges.*

PER CURIAM. Larry Bryant, an Illinois inmate, appeals both
the dismissal of his untimely civil-rights suit against the City
of Chicago and several of its police officers, as well as the
denial of his motion for post-judgment relief. We vacate the
district court's order and remand for further proceedings.

On August 20, 2010, Mr. Bryant was riding his bike on a
Chicago street when he was stopped by two police officers,
searched without a warrant and arrested for possessing a

controlled substance. He was arraigned on September 23, and a couple of months later was released after a favorable ruling on a motion to suppress evidence and to quash the arrest. His case was dismissed on December 13. He was arrested for a different crime a few months later and has since remained in custody.

On September 18, 2012, Mr. Bryant brought this action under 42 U.S.C. § 1983 against the City of Chicago, former Chicago Police Superintendent Jody Weis and two unnamed police officers (John Doe and Richard Roe), alleging false arrest, false imprisonment, and malicious prosecution, among other state law claims. Mr. Bryant also filed a motion to compel the City of Chicago to disclose the identities of the two un-named police officers.

On October 4, the district court screened Mr. Bryant's request to proceed in forma pauperis under 28 U.S.C. § 1915A and promptly raised timeliness concerns. Because his § 1983 claims were subject to the two-year statute of limitations that Illinois provides for personal injury actions, 735 ILCS 5/13-202, Mr. Bryant had until August 20, 2012, to file his false-arrest claim, September 23 to file his false-imprisonment claim and December 13 to file his malicious-prosecution claim. However, the precise filing date of the complaint was unclear—Mr. Bryant had not dated the complaint, and the envelope bore no date of postmark. The district court ultimately deemed the complaint filed on September 18, 2012, the earliest date that Mr. Bryant could have given it to jail officials for mailing. Based on a September 18 filing date, the court observed that Mr. Bryant's malicious prosecution claim was not time-barred, but it was not actionable in federal court because state law

already provided a parallel tort remedy. The court found all of his remaining federal claims apparently time-barred: the court expressed doubt that Mr. Bryant would be able to identify the arresting officers by the end of the two-year statute of limitations, and ordered him to show cause within thirty days why the false arrest and false imprisonment claims should not be dismissed. It also found his state law claims time-barred because Illinois has a one-year statute of limitations for state tort claims against police officers.

Two weeks later, Mr. Bryant submitted another motion to proceed in forma pauperis and a show-cause response. He explained that his claims should not be deemed time-barred because he was incarcerated (a disability, in his view), did not have access to a law library, lacked financial resources and had attempted several times to obtain his arresting officers' names (writing letters to the Clerk of the Circuit Court of Cook County and the Chicago Police Department, filing Freedom of Information Act requests, and moving to compel the City of Chicago to disclose the officers' names). He also explained that he had difficulty obtaining proper postage and mailing his complaint; he said that he first tried to mail his complaint on July 20, 2012.

On October 24 the court dismissed Mr. Bryant's false-arrest claim as time-barred, and directed Mr. Bryant to show cause why his false-imprisonment claim should not be time-barred as well. It also directed him to show cause why his claims should not be dismissed for lack of federal jurisdiction. The court declined to equitably toll the statute of limitations because of Mr. Bryant's incarceration and lack of resources, but it found that his difficulty obtaining postage did warrant

equitable tolling for sixty days. The court tolled the deadline for his false-arrest claim to October 19 and his false-imprisonment claim to November 22.

On November 19 Mr. Bryant moved for an extension of time, but nine days later the court denied the motion as futile and dismissed the case as time-barred. Allowing Mr. Bryant additional time to amend the complaint would be futile, the court explained, because he failed to meet the November 22 deadline to identify the proper defendants.

Mr. Bryant then moved under Federal Rule of Civil Procedure 59(e) for reconsideration, arguing that the defendants had intentionally prevented him from obtaining the names of the two unnamed police officers; he reiterated that he had tried repeatedly to obtain their names, even filing a motion back on September 18 to compel disclosure.

The court denied the Rule 59(e) motion, stating that his incarceration did not constitute a disability to toll the statute of limitations, that his "belated attempts" to identify his arresting officers were not grounds for equitable tolling, and that identifying the officers as John Doe and Richard Roe was insufficient. The court did not mention his September 18 motion to compel.

On appeal, Mr. Bryant challenges only the district court's order regarding his false-arrest and false-imprisonment claims. He first argues that the district court erred by refusing to equitably toll the statute of limitations when his incarceration and lack of legal and financial resources prevented him from timely filing. But Illinois does not toll the statute of limitations for inmates, *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992),

nor does it consider a lack of resources sufficiently extraordinary to equitably toll the statute of limitations, *see Tucker v. Kingston*, 538 F.3d 732, 734–35 (7th Cir. 2008).

Mr. Bryant's more substantial arguments are that the district court abused its discretion by failing to rule upon his motion to compel the City of Chicago to disclose his arresting officers' names, and relatedly that his diligence in seeking that information should have led the court to equitably toll the statute of limitations.

District courts abuse their discretion when they fail to acknowledge a plaintiff's timely discovery request that would produce relevant and necessary information. *See, e.g., Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706–07 (7th Cir. 2006) (finding an abuse of discretion where district court invoked local rule to grant summary judgment without addressing multiple discovery requests that would have produced information previously identified by the court as essential).[1]

We agree with Mr. Bryant that the court's disregard of his discovery request amounts to an abuse of discretion because

---

[1] *See also Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267–68 (5th Cir. 1991) (finding an abuse of discretion where district court failed to rule on plaintiff's timely and specific requests for relevant discovery that was necessary to his case); *Garrett v. City & Cnty. of S.F.*, 818 F.2d 1515, 1519 (9th Cir. 1987) (finding an abuse of discretion where district court failed to consider plaintiff's motion for discovery before granting defendant's summary judgment motion because the evidence sought in the discovery request was necessary to satisfy the plaintiff's burden of persuasion). A plaintiff must also show that he was prejudiced by the judge's failure to consider his discovery request. *See Becker v. I.R.S.*, 34 F.3d 398, 406 (7th Cir. 1994).

the information he sought was both necessary and relevant, and he was prejudiced by not being able to obtain it. The district court dismissed his complaint as time-barred because he had not named defendants within the two-year limitations period, but he had moved to compel the City of Chicago to disclose the officers' names more than one month before the statute of limitations expired on his false-arrest claim and more than two months before the statute of limitations expired on his false-imprisonment claim. Not knowing their names was the *only* reason that Mr. Bryant could not proceed with his complaint. *See Deere & Co.*, 462 F.3d at 707; *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267–68 (5th Cir. 1991). By not addressing his discovery request, the court abused its discretion because it deprived him of the opportunity to access the very information that it dismissed his claim for lacking. *See Brown v. Mississippi Valley State Univ.*, 311 F.3d 328, 334 (5th Cir. 2002); *Garrett v. City & Cnty. of S.F.*, 818 F.2d 1515, 1519 (9th Cir. 1987).

Mr. Bryant's related argument concerns equitable tolling. "If despite the exercise of reasonable diligence [the plaintiff] cannot discover his injurer's (or injurers') identity within the statutory period, he can appeal to the doctrine of equitable tolling to postpone the deadline for suing until he can obtain the necessary information." *Fid. Nat. Title Ins. Co. of N.Y. v. Howard Sav. Bank*, 436 F.3d 836, 839 (7th Cir. 2006); *see also Griffin v. Willoughby*, 867 N.E.2d 1007, 1016 (Ill. App. Ct. 2006); *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 562 (7th Cir. 1996). Because we apply Illinois's statute of limitations, we also apply Illinois's equitable tolling principles. *See Ray v. Maher*,

662 F.3d 770, 772–73 (7th Cir. 2011); *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007).

Illinois case law does not define "reasonably diligent," but our cases supply some contours of a definition for a plaintiff in Mr. Bryant's circumstances. For instance, when a pro se incarcerated plaintiff seeks to identify unknown defendants and has filed a motion that would help him identify those defendants, and the statute of limitations expires while the motion is pending, equitable tolling can be appropriate. *See Donald*, 95 F.3d at 562 (a court's delay and denial of a motion to appoint counsel combined with the plaintiff's misunderstanding about whom he needed to sue "helped to ensure that his ignorance of the identities of the unknown officials would continue"). Additionally, because an incarcerated pro se plaintiff is limited in what he can do to obtain missing information, he is reasonably diligent if he files a motion that directly affects his ability to file a claim. *See id.* at 562; *Williams-Guice v. Bd. of Educ.*, 45 F.3d 161, 164–65 (7th Cir. 1995) (noting limitations period is suspended while the judge rules on a motion that will affect the filing of the case).

The district court should have equitably tolled the statute of limitations because Mr. Bryant acted with reasonable diligence to obtain the missing information. As in the cases applying equitable tolling because plaintiffs awaited a response that was necessary for them to proceed with their claims (i.e., a response to their motions to appoint counsel or proceed in forma pauperis), Mr. Bryant was unable to proceed with his case until he received the identifying information he requested in his motion to compel. This discovery request would have provided him with the only additional informa-

tion that he needed to amend his complaint in a timely manner and to name properly his defendants. Additionally, Mr. Bryant, as a prisoner proceeding pro se, should have been given more latitude and assistance in seeking to identify the officers' names. *See Donald*, 95 F.3d at 555 (stating that the court should take steps to permit the adjudication of pro se claims on the merits "rather than to order their dismissal on technical grounds"); *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 790 (7th Cir. 1995) (when a pro se plaintiff is attempting to identify defendants, the district court should assist him in investigating).

Accordingly, we VACATE the district court's order and REMAND for further proceedings consistent with this opinion.

VACATED AND REMANDED.