**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 13, 2017
Decided January 31, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-2174

| | |
|---|---|
| JAMES J. DAHER, JR., | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of |
| | Indiana, South Bend Division. |
|     *v.* | |
| | No. 3:13-cv-940 |
| MARK R. SEVIER, | |
| Superintendent, et al., | Jon E. DeGuilio, |
|     *Defendants-Appellees*. | *Judge*. |

**O R D E R**

This case concerns the fairness of a hearing. A magistrate judge found, after this hearing, that James Daher, an Indiana inmate, did not exhaust his administrative remedies before suing prison officials. On appeal, Daher challenges the hearing procedure, which the magistrate judge arranged in two "steps." In the first step, the prison officials could try to meet their burden of producing evidence that Daher failed to exhaust the prison grievance system. At the second step, Daher could try to rebut that evidence. Daher contends the magistrate judge denied him a fair opportunity to discover relevant evidence before, and submit evidence at, the second step. We conclude that the magistrate judge unreasonably denied Daher an opportunity to rebut the defendant's case, so we vacate and remand for further proceedings.

**Factual Background**

Daher sued officials at Miami Correctional Facility under 42 U.S.C. § 1983. He contended that on September 6, 2011, they "reclassified" him to a higher security level, put him in segregation, and subjected him to harsh prison conditions in retaliation for filing lawsuits and grievances. The district court screened Daher's complaint, *see* 28 U.S.C. § 1915A. It allowed him to proceed on the theories that the alleged retaliation violated the First Amendment and that the prison conditions violated the Eighth Amendment.

The defendants moved for summary judgment, arguing that Daher failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Several rounds of briefing followed. The defendants contended that the prison's electronic grievance system showed no record of any grievance from Daher complaining about his time in segregation in September 2011. Daher responded that he *had* submitted such grievances and that officials had rejected or returned them. He submitted three documents to prove his point. First was a grievance form, dated September 12, 2011 (six days after his placement in segregation), which he said he had filed to protest his reclassification and the conditions in segregation. Next was a form that, according to Daher, showed that the prison had rejected his grievance on November 7. (The form asserts that the prison rejected a grievance because it was "submitted on behalf of another person or a group" and was missing Daher's inmate number.) Third, Daher submitted another grievance that he purportedly had filed on November 9 to complain about the prison's failure to timely respond to his September 12 grievance.

The defendants replied that Daher had never filed the September 12 grievance and that the November 7 "rejection" corresponded to an unrelated grievance. They compared their copy of the November 7 rejection to a grievance that Daher filed on November 2 about toilet paper. They explained that, unlike the September 12 grievance, the toilet-paper grievance appears to be filed on behalf of a group and is missing Daher's inmate number—the reasons given for the November 7 rejection. Further, the November 7 rejection mentions "November 2," the date of the toilet-paper grievance. They concluded that both the September 12 grievance and Daher's copy of the November 7 rejection form were "fabricated" and had never actually been filed.

Daher disputed this evidence in a sur-reply. He argued that defendants have an unwritten policy "of not filing or processing grievances" and that officials often reject grievances for nonsensical reasons. Therefore, Daher argued, it was reasonable to

conclude that the prison lost or mishandled his September 12 grievance, and that the November 7 rejection form may have corresponded to that grievance despite its seeming relationship to the toilet-paper grievance.

The court concluded that three disputed issues required a hearing. These were: (1) did Daher submit a grievance on September 12, (2) was the grievance rejected on November 7, and (3) did he resubmit it on November 9. The court ordered a magistrate judge to conduct a hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), to determine if Daher had exhausted his prison remedies as required.

The magistrate judge proposed a "two-step" hearing procedure. First, because it was defendants' burden to prove Daher's failure to exhaust, they would put on their evidence and witnesses. After that, the judge said, if Daher needed to rebut any issues, he could explain "what documents or what witnesses, in context and with specificity, he would need to call." If needed, his rebuttal case would occur at a second hearing.

The parties agreed to this procedure. Before the hearing, Daher asked for discovery from the defendants. To prove that in the fall of 2011 the prison's record-keeping was unreliable and that responses to grievances often did not match the grievances, Daher asked (among other things) for his own grievance records and those of other inmates in 2011. But the magistrate judge postponed those requests. He explained that Daher did not "need" discovery before "step one," but that he could request it later if he needed to rebut the defendants' evidence. The judge reiterated the two-step process. He said that he would go forward with the defendants' evidence and "then determine what discovery" Daher might need if the defendants carried their burden.

Step one proceeded. The defendants presented three witnesses over two hours. They sought to prove that the November 7 rejection corresponded to the November 2 toilet-paper grievance, and thus that Daher had never filed a grievance on September 12. Daher, proceeding pro se, cross-examined those witnesses and introduced some exhibits. But the judge stopped him from proffering evidence that the Department of Correction handled other grievances unreliably, as he had argued in his filings.

Step two never occurred. When step one ended, the judge asked Daher how he "wish[ed] to proceed." Daher replied that he wanted to "put a little evidence on" or testify. The judge did not adjourn to consider the deferred discovery requests; noting the press of other business and the passing of the lunch hour, he offered Daher only ten

minutes during which he alone could testify. Daher declined that meager offer as "not necessary." Both sides declined the judge's offer to receive supplemental briefs.

The magistrate judge recommended dismissing Daher's suit for lack of exhaustion. He found that the November 7 rejection form corresponded to the November 2 toilet-paper grievance, and thus that Daher likely had fabricated the September 12 grievance after filing suit. Daher filed written objections to the recommendation and argued that he was denied a fair hearing. He pointed out that he was not able to call witnesses to the hearing or obtain evidence. He argued that, if he could have presented evidence, he might have shown that the electronic grievance system was unreliable or explained the "mixups as to which rejection/response went with which grievance." A district judge accepted the recommendation and dismissed Daher's suit.

## Legal Analysis

Daher, now represented by counsel recruited by this court, contends that the magistrate judge denied him a fair hearing. The judge did so, Daher says, by abandoning the agreed-upon, two-step process, prohibiting Daher from conducting discovery, and denying him a reasonable chance to rebut the defendants' case.

This case turns on the proper procedures for a *Pavey* hearing. *See Wagoner v. Lemmon*, 778 F.3d 586, 588 (7th Cir. 2015). Daher contends that due process calls for a "fair hearing." *See Dr. Robert L. Meinders, D.C., Ltd. v. UnitedHealthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015) (due process requires "a plaintiff be given an opportunity to respond to an argument or evidence raised" against his claims); *English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993) ("The opportunity to respond is deeply imbedded in our concept of fair play and substantial justice."). We find it unnecessary to invoke the Constitution, however, because established procedural rules govern these proceedings. *See Hussain v. Keisler*, 505 F.3d 779, 781 (7th Cir. 2007). Specifically, Federal Rule of Evidence 611(a) requires district courts to exercise "reasonable control" over the presentation of evidence and witnesses to "make those procedures effective for determining the truth," "avoid wasting time," and "protect witnesses from harassment or undue embarrassment." And Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and proportional to the scope of the case. Decisions about discovery and evidence are reviewed for abuse of discretion. *See Houlihan v. City of Chicago*, 871 F.3d 540, 553 (7th Cir. 2017); *Bryant v. City of Chicago*, 746 F.3d 239, 242–43 (7th Cir. 2014).

For two reasons we conclude that the magistrate judge unreasonably applied these rules. First, the "two-step procedure" created expectations that were not fulfilled. The defendants bore the initial burden of producing evidence sufficient to find that Daher had not filed a grievance. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that burden of proving lack of exhaustion under PLRA is on prison officials). If the defendants did not produce sufficient evidence, the magistrate judge presumably would have found that Daher had exhausted his administrative remedies, and no rebuttal would have been needed. But if the defendants met their burden of production, Daher would have had to try to rebut that evidence to succeed. Therefore, the case would end after step one *only* if the defendants' evidence did not raise an inference that Daher failed to exhaust the grievance process. The judge acknowledged so much by ruling that it was "unnecessary" for Daher to conduct discovery before step one.

But the magistrate judge did not follow through with the agreed procedure. After step one, the judge must have believed that the defendants had met their burden of production, since he ultimately relied on the evidence from the hearing to rule against Daher. But he offered Daher no chance to seek discovery on the disputed issues, despite his earlier, repeated promises to consider doing so. The judge gave no reason for revising the discovery plan that he had established and the parties had agreed to, despite the "good cause" requirement of Federal Rule of Civil Procedure 16(b)(4). Other than the usual press of other cases and the waning lunch hour, there was no good reason to upend the two-step procedure, so the decision was not reasonable.

Besides upsetting the parties' expectations, the judge avoided Federal Rule of Civil Procedure 26(b)(1) and Federal Rule of Evidence 611(a) by allowing Daher no discovery and only ten minutes of testimony. Before the hearing, Daher had several times explained that he could not rebut the defendants' case without first obtaining discovery. Some of his discovery requests were tailored to counter the defendants' assertions. Specifically, Daher's requests for his grievance records, and those of other inmates from the fall of 2011, reasonably addressed his theory that the prison's grievance system was systemically unreliable at this time. But the judge refused even to consider these requests and gave Daher virtually no time to testify. Effectively, the judge decided the exhaustion issue after allowing only one side to present evidence on it. This was an abuse of discretion under both Federal Rule of Civil Procedure 26(b)(1) and the "truth-determining" function of Federal Rule of Evidence 611(a).

The appellees contend that Daher waived or forfeited his challenge to the procedure. But Daher asked for an opportunity to "put a little evidence on." This

request is best understood as a plea for the originally promised time to conduct discovery before putting on a full case in rebuttal. True, *after* the judge decided to limit Daher to ten minutes of testimony with no discovery or other witnesses or evidence, Daher replied that, in light of the ruling, it was "not necessary" for him to testify or do anything further. This statement reflects an understandable reluctance to take "exception" to the just-made ruling, and exceptions are not required. *See* FED. R. CIV. P. 46; FED. R. EVID. 103(b). Daher's later written objections, which protested the denial of discovery and a reasonable time to present evidence, confirm that he opposed the ruling.

We conclude that another *Pavey* hearing is necessary. Before the hearing, Daher may request and should receive discovery relevant to rebut the defendants' assertions on their exhaustion defense. *See* FED. R. CIV. P. 26(b)(1). At the hearing, he should receive a reasonable amount of time in which to put on his case in rebuttal. We caution Daher, however, that this remand is not a free pass to conduct open-ended discovery and litigation. Many of Daher's previous discovery requests were vague or overbroad; although that is not why the magistrate judge denied them, a judge may do so if Daher insists on unreasonably broad or vague discovery. *See* FED. R. CIV. P. 26(b)(2)(C); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (noting that district courts have "broad discretion" to limit or curtail discovery). Furthermore, Daher is responsible for ensuring that his evidence and witnesses are available for the hearing. And the testimony from Daher's witnesses may be limited to rebutting the defendants' evidence that he failed to exhaust the prison grievance system. Finally, nothing in this decision limits the district court's discretion to enter appropriate sanctions against any party who the court has found to have submitted falsified evidence. *See, e.g.,* FED. R. CIV. P. 11(c); 28 U.S.C. § 1927.

VACATED AND REMANDED.