NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2018[*]
Decided March 12, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2807

| | |
|---|---|
| RICKY R. FRANKLIN, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
|     *v.* | |
| | No. 16 C 9660 |
| EXPRESS TEXT, LLC, | |
|     *Defendant-Appellee.* | Robert W. Gettleman, |
| | *Judge*. |

**O R D E R**

Ricky Franklin received 115 text messages between July 2015 and September 2016. He sued Express Text, the purported sender of the text messages, claiming that the company violated the Telephone Consumer Protection Act, 47 U.S.C.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

§ 227, by sending him the messages without his consent. The district court entered summary judgment for Express Text, and Franklin appeals.

Express Text offers an online platform that disseminates text messages. WorldWin Events purportedly utilized Express Text's system for marketing purposes, and as a result Franklin received text messages from Express Text "on behalf of" WorldWin beginning in July 2015. In September 2016, Franklin responded "help" to one of those messages and received a response directing him to call Express Text if he did not wish to receive future messages. Franklin did just that. Two days later an Express Text employee called Franklin and confirmed that he had been removed from the company's database. For reasons unknown (perhaps he was running "tests"), Franklin then replied to the earlier messages and received automated responses instructing him to reply "STOP to Opt Out." But Franklin responded many times with other messages, including "Hi" and "Is this a real person answering these text messages?"

Franklin then filed this suit against Express Text, claiming that the text messages—the messages supposedly sent by Express Text's system "on behalf of" WorldWin *and* the responses Franklin received to the messages he sent—violated the Telephone Consumer Protection Act, 47 U.S.C. § 227. Under that statute, Express Text can be liable only if it "ma[d]e any call" or sent any text message to Franklin. See 47 U.S.C. § 227(b)(1)(A); *Blow v. Bijora, Inc.*, 855 F.3d 793, 798 (7th Cir. 2017) (explaining that the Act applies to text messages). One month after answering Franklin's complaint, Express Text moved for summary judgment, arguing principally that its user, and not the company, "sent" the messages to Franklin.

Franklin opposed the motion and asked the court not to rule on it until he could conduct discovery. See FED. R. CIV. P. 56(d). In his Rule 56(d) motion Franklin argued that Express Text's motion for summary judgment was premature and that he needed discovery to show that the company "is responsible for sending these text messages as well as the replies." He also contended that Express Text's system was an automatic telephone dialing system, a statutory requirement for liability under the Act, and that Express Text could not insulate itself from liability by "dividing ownership of dialing equipment." In his response to Express Text's statement of material facts, Franklin did not dispute that Express Text "serves merely as a conduit and carrier of a user's text messages." Franklin, however, disputed that Express Text "does not make or initiate any calls or text messages" by insisting—just as he argued in his Rule 56(d) motion—that Express Text's system was an automated dialing system and that Express Text could not escape liability by "dividing ownership of dialing equipment." Franklin also

maintained that he did "not know the relationship" between Express Text and WorldWin because he did not have discovery.

The district judge denied Franklin's Rule 56(d) motion in a minute order and entered summary judgment for Express Text. The judge concluded that Express Text did not send the text messages to Franklin. Rather, the judge relied on the affidavit of Express Text's Chief Operating Officer, Ashish Patel, to conclude that Express Text merely provided a software platform, and Express Text's client sent messages to Franklin. After recounting some details of how Express Text's platform worked—according to Patel—the judge added that Franklin had conceded that Express Text did not send messages by not disputing that Express Text "serves merely as a conduit and carrier of a user's text messages" and that Express Text's client had "utilized the Express Text platform to send text messages" to Franklin. (In fact, the proposed "fact" that Franklin did not dispute was that WorldWin "*allegedly* utilized the platform.") And Franklin had "no knowledge whatsoever" of the relationship between Express Text and its clients, the judge stated, so Franklin could not show that Express Text sent him any messages. And as for the messages from Express Text responding to Franklin's prompts, the judge determined that those messages did not violate the Act because they were "not the kind of intrusive, nuisance call that the TCPA prohibits."

On appeal Franklin first argues that the district judge should not have denied his motion under Rule 56(d). That rule allows a judge to defer ruling on a motion for summary judgment if a party shows that "it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). We review the judge's decision for abuse of discretion. See *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 622–23 (7th Cir. 2014). Rule 56 requires the party requesting additional discovery to "state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006).

Franklin identified four areas of discovery that he said he needed to oppose Express Text's motion for summary judgment effectively: (1) "the name of the Platform" used by Express Text, (2) information showing that "the unidentified platform qualifies as an automatic telephone dialing system," (3) information detailing "how the internet-to-phone system works," and (4) "any and all agreements" between Express Text and third parties. Franklin needed this information, he said, to show that Express Text was responsible for the messages he received. The first two of these topics need not be addressed because they ultimately were immaterial to the district judge's

summary-judgment rationale that Express Text was not the sender of the offending text messages. See *Sterk*, 770 F.3d at 622–23.

But we do not see how Franklin possibly could refute the facts set forth in Patel's affidavit—which constituted virtually the only evidence in the record and was the basis for the district judge's conclusion—without an opportunity to ask how Express Text's system works or inquire into the relationship between WorldWin and Express Text. The affidavit was unrebutted because Franklin lacked competent evidence. Any agreements between WorldWin and Express Text, including whatever user agreement or terms of service Express Text has with its customers, might show that Express Text is responsible for the text messages received by Franklin, or they might not. And without an understanding of how Express Text's internet-to-phone system works (including who owns the written text transposed into a text message by Express Text's system), we do not see how Franklin could have contested who "sent" him the text messages. Certainly Franklin would not be entitled to review "any and all" third-party agreements, but his actual discovery requests can be tailored more narrowly than the categories of information he describes.

Franklin also repeatedly emphasized the very point that he could not dispute who "sent" the messages without discovery in his response to the proposed statement of undisputed material facts (essentially a summary of Patel's attestations). Several times he noted that he could not know the relationship of WorldWin to Express Text because he was "unable to view any contracts or licensing agreements, because discovery had not started." In response to the description of how Express Text operates, he again noted that he could not effectively dispute Express Text's statement because "Plaintiff has not had discovery and doesn't know how the system actually works." And Franklin's repeated assertion that Express Text could not escape liability by "dividing ownership" of equipment, as we understand it, is simply an argument that Express Text cannot disclaim responsibility by hiding behind a third party.

Despite Franklin's statements, in its ruling the district court faulted Franklin for not producing "a hint of evidence" about the relationship between WorldWin and Express Text. The court relied entirely on Express Text's "detailed description of how its platform functions," even though Franklin had no opportunity to gather evidence about the platform by deposing Patel or obtaining written discovery. Express Text's argument that "[n]o discovery would have produced information about a relationship when none existed" essentially requires Franklin to take the company's word as fact without testing the premise. Express Text emphasizes that it is "undisputed" that Express Text was not

the "sender/initiator" of the text messages; but that argument makes Franklin's point: he could not dispute that fact properly with no access to discovery. (He tried, with his own affidavit, but of course he is not competent to testify about how Express Text works.) It was an abuse of discretion, therefore, for the judge to deny Franklin's Rule 56(d) motion, and we must vacate and remand so that Franklin can seek reasonable discovery. See *Bryant v. City of Chicago*, 746 F.3d 239, 242–43 (7th Cir. 2014); *Deere*, 462 F.3d at 706–07.

But on remand, Franklin should not be permitted to pursue discovery concerning those messages that Franklin received *in response to messages he sent after Express Text removed him from its database*. See *Arnold v. Villarreal*, 853 F.3d 384, 389 (7th Cir. 2017). We readily agree with the district judge's conclusion that those messages are not of the kind prohibited by the Act. Franklin expressly consented to these messages. Just as providing a cellphone number to a creditor constitutes express consent for the creditor to call that number regarding a debt, see *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 643 (7th Cir. 2012), Franklin's texts to a number known to be affiliated with an automated system, with content other than "STOP," *including questions*, provided express consent for a message in reply.

The judgment of the district court is VACATED and REMANDED.