**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 16, 2018[*]
Decided March 20, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1710

| | |
|---|---|
| MARCOS MIRANDA-SANCHEZ, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 16-cv-00405 |
| JAMES D. SPRINKLE, et al., *Defendants-Appellees*. | William T. Lawrence, *Judge*. |

**O R D E R**

Five years after being assaulted by another inmate, Marcos Miranda-Sanchez brought this deliberate-indifference suit against jail officials. 42 U.S.C. § 1983. The district judge dismissed his complaint as untimely under the applicable statute of limitations, concluding that no legal basis existed to equitably toll the limitations

---

[*] The defendants were not served in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

period. On appeal Miranda-Sanchez maintains that tolling is warranted because an attorney failed to fulfill a promise to assist him, but we affirm.

Miranda-Sanchez, an Indiana prisoner, brought this suit on October 18, 2016, alleging that jail officials and others allowed another inmate to assault him on October 8, 2011. The district judge dismissed the complaint at screening for failure to state a claim, 28 U.S.C. § 1915A(b)(1), determining from an attachment to Miranda-Sanchez's complaint that his claim was untimely under Indiana's two-year statute of limitations, *see* IND. CODE § 34–11–2–4; *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The judge nonetheless allowed him an opportunity to amend his complaint.

In his first amended complaint Miranda-Sanchez added details about the assault but did not account for the untimely filing, so the judge dismissed the complaint, and again invited Miranda-Sanchez to amend his complaint.

Miranda-Sanchez followed with two successively filed amended complaints, alleging that he received assurances from an attorney, Patrick Renn (who represented Miranda-Sanchez in his underlying criminal case), that he would "prepare a civil case" over the assault. According to Miranda-Sanchez, "For almost five years, we traded notes, documents and paperwork evidence on an almost monthly basis" until 2016, when Renn wrote him that he should "seek other counsel." Miranda-Sanchez said he filed this suit days later. The judge determined that allegations of attorney negligence—such as allowing a statute of limitations to run—were not grounds for equitable tolling, and dismissed the action with prejudice.

On appeal Miranda-Sanchez continues to blame Renn for his delayed suit. We apply the state's law of equitable tolling in a § 1983 suit, *Bryant v. City of Chicago*, 746 F.3d 239, 243 (7th Cir. 2014); *Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 596 (7th Cir. 2001), and in Indiana equitable tolling may be warranted by allegations that an attorney's unfulfilled promise of assistance prevented a client's timely filing. *See Chenore v. Plantz*, 56 N.E.3d 123, 126 (Ind. Ct. App. 2016) (interpreting statute of limitations for Indiana Code § 34–11–2–4). The district judge here, in rejecting the possibility of tolling, seems to have relied on our cases applying equitable-tolling doctrines under *Illinois* and *federal* law. *See e.g.*, *Rosado v. Gonzalez*, 832 F.3d 714, 717 (7th Cir. 2016); *Lee v. Cook County, Ill.*, 635 F.3d 969, 973 (7th Cir. 2011).

But any error is harmless because Miranda-Sanchez attached to one of his amended complaints two letters from Renn that dispel the notion that he would assist

Miranda-Sanchez with a civil suit. In one letter dated September 12, 2013 (within the limitations period), Renn flatly refused to represent him in any new matter:

> I am returning to you the documents you sent to me. I am not sure why you sent them to me since I am not representing you any longer. The Floyd Circuit Court asked me to represent you on the criminal charges pending against you. That representation ended with your sentencing…. There does not appear to be anything I could assist you with. If you do wish to pursue this matter with an attorney, you should contact another attorney ….

Three years later, on August 9, 2016, Renn again declined to represent Miranda-Sanchez: "I received your letter requesting pro bono representation of you in a claim against Floyd County, Indiana and various officials. Unfortunately, I will not be able to assist and/or represent you." Dismissal based on facts in documents attached to a complaint is proper where the plaintiff relies upon them "to form the basis for a claim or part of a claim," *see Carroll v. Yates*, 362 F.3d 984, 986 (7th Cir. 2004), as Miranda-Sanchez has done here.

Miranda-Sanchez previously asked this court to appoint counsel to represent him, a request we denied, and he now asks us to reconsider our denial. We decline to do so because there is no reasonable likelihood that the presence of counsel would alter the outcome of the case. *See Pruitt v. Mote*, 503 F.3d 647, 660 (7th Cir. 2007) (en banc).

AFFIRMED