In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-3227

DANNY R. RICHARDS,

*Plaintiff-Appellant,*

*v.*

MICHAEL MITCHEFF, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:10-cv-1583-SEB-MJD—**Sarah Evans Barker**, *Judge*.

SUBMITTED JULY 20, 2012—DECIDED AUGUST 9, 2012

Before EASTERBROOK, *Chief Judge*, and WOOD and
HAMILTON, Circuit Judges.

EASTERBROOK, *Chief Judge*. Danny Richards under-
went three surgeries necessitated by ulcerative colitis.
His colon has been removed and an ileo-anal pouch
constructed. Richards, a prisoner of Indiana, had com-
plained since January 2008 about abdominal pain and
blood in his stool; physicians in the prison system
assured him that he was fine, but they were wrong. In

October 2008 they sent him to a hospital, where specialists diagnosed ulcerative colitis. By then it was too late to do anything but excise the colon and attempt some palliation.

Richards filed this suit under 42 U.S.C. §1983 in December 2010, contending that defendants violated the eighth amendment by indifference to his serious medical condition. See *Farmer v. Brennan*, 511 U.S. 825 (1994); *Estelle v. Gamble*, 429 U.S. 97 (1976). On defendants' motions, the district court dismissed the complaint under Fed. R. Civ. P. 12(b)(6), ruling it untimely. 2011 U.S. Dist. LEXIS 94961 (S.D. Ind. Aug. 22, 2011). Suits under §1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. See *Wilson v. Garcia*, 471 U.S. 261 (1985); *Owens v. Okure*, 488 U.S. 235 (1989); *Hardin v. Straub*, 490 U.S. 536 (1989). Indiana allows two years. Ind. Code §34-11-2-4. Federal law defines when a claim accrues, see *Wallace v. Kato*, 549 U.S. 384, 388 (2007), and the federal rule for medical errors is that a claim accrues when a person knows his injury and its cause. See *United States v. Kubrick*, 444 U.S. 111 (1979). The district judge concluded that Richards knew, no later than October 2008, that he had ulcerative colitis that defendants had failed to detect, causing him to lose his lower gastrointestinal tract and anus. Richards took more than two years to file suit and that, the district judge held, is that.

Richards concedes that his claim accrued in October 2008. He contends, however, that the time was tolled while he was physically unable to sue despite the

exercise of reasonable diligence. Indiana recognizes this as a tolling condition; indeed, the state's constitution requires the judiciary to toll time limits for incapacitated persons. See Indiana Const. Art. I §12; *Herron v. Anigbo*, 897 N.E.2d 444, 451, 453 (Ind. 2008); *Fort Wayne v. Cameron*, 370 N.E.2d 338, 341 (Ind. 1997). The court remarked in *Cameron* that this rule prevents tortfeasors from escaping liability by injuring victims so badly that they cannot sue in time.

Richards contends that the surgeries disabled him for extended periods, that when he was out of the hospital he was in constant pain and unable to walk, and that he filed suit as soon as he could muster the concentration and energy to do so. These allegations may or may not be true, but they are plausible—and no more is required of a pleading. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Actually not even that much is required of a pleading on the subject of the statute of limitations. What a complaint must plead is enough to show that the claim for relief is plausible. Complaints need not anticipate defenses and attempt to defeat them. See *Gomez v. Toledo*, 446 U.S. 635 (1980). The period of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1).

We have held many times that, because complaints need not anticipate defenses, Rule 12(b)(6) is not designed for motions under Rule 8(c)(1). See, e.g., *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003); *United States v. Northern Trust Co.*, 372 F.3d 886 (7th Cir. 2004); *Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d

899 (7th Cir. 2004). A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted. Richards's complaint does that. It could not properly be dismissed under Rule 12(b)(6).

A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings under Rule 12(c). This comes to the same thing as a dismissal under Rule 12(b)(6), and opinions, including some by this court, often use the two interchangeably. But in principle a complaint that alleges an impenetrable defense to what would otherwise be a good claim should be dismissed (on proper motion) under Rule 12(c), not Rule 12(b)(6). After all, the defendants may waive or forfeit their defense, and then the case should proceed.

This suit, however, could not properly be dismissed under either Rule 12(b)(6) or Rule 12(c). The claim is sound in theory (see *Farmer* and *Gamble*); the complaint's allegations make an eighth-amendment recovery plausible. Indiana allows tolling because of physical incapacity—and, far from pleading that he was capable of suing throughout the two years after his first surgery, Richards pleaded incapacity, again plausibly. The district judge had this to say: "Richards' explanations for the delay are unpersuasive." That's it. No other analysis. The court did not identify a *legal* obstacle to the suit; the judge just deemed the allegations "unpersuasive." But a judge cannot reject a complaint's plausible allegations by calling them "unpersuasive." Only a trier

of fact can do that, after a trial. For their part, defendants seem to be unaware that state law supplies the principles of tolling in litigation under §1983; neither of the two briefs filed by appellees mentions Indiana's tolling rules.

We appreciate the judicial desire to resolve cases as swiftly as possible. Litigation is costly for both sides, and a doomed suit should be brought to a conclusion before costs are needlessly run up. *Twombly* designed its plausibility requirement as a partial antidote to the high costs of discovery and trial. But neither *Twombly* nor *Iqbal* has changed the rule that judges must not make findings of fact at the pleading stage (or for that matter the summary-judgment stage). A complaint that invokes a recognized legal theory (as this one does) and contains plausible allegations on the material issues (as this one does) cannot be dismissed under Rule 12. See *Erickson v. Pardus*, 551 U.S. 89 (2007).

Judges should respect the norm that complaints need not anticipate or meet potential affirmative defenses. If the facts are uncontested (or the defendants accept plaintiffs' allegations for the sake of argument), it may be possible to decide under Rule 12(c); if the parties do not agree, but one side cannot substantiate its position with admissible evidence, the court may grant summary judgment under Rule 56. But this case has not reached the stage where Richards's allegations of physical incapacity are put to the test. Once Richards has had an opportunity to produce evidence material to the tolling question, its sufficiency under Indiana law

can be tested by a motion for summary judgment. Before proceeding further, however, the district court should consider carefully whether to assist Richards in finding a lawyer who can muster the facts and, if necessary, secure medical experts. See *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc).

The judgment is reversed, and the case is remanded for proceedings consistent with this opinion.