**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 24, 2012[*]
Decided October 26, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2263

| | |
|---|---|
| BARBARA BALDWIN, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO, *Defendant-Appellee.* | No. 12 C 663 |
| | Charles R. Norgle, *Judge.* |

**O R D E R**

Barbara Baldwin challenges the dismissal of her complaint alleging that the Metropolitan Water Reclamation District of Greater Chicago discriminated against her on the basis of race, sex, and age when it refused to hire her as a paralegal. Because Baldwin pleaded herself out of court by acknowledging that she does not have the training needed to work for the Reclamation District as a paralegal, we affirm the judgment.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Baldwin was certified as a paralegal in 1996 by the Professional Career Development Institute. That school's program is not accredited by the American Bar Association, and the Reclamation District will not hire any paralegal applicant who doesn't have a certificate from an ABA-approved program. In 2010, when she was 56 years old, Baldwin applied for a vacant position, but the Reclamation District told her that she was ineligible because her certification does not satisfy its hiring criteria. Baldwin, who is black, concedes all of these facts, but after being rejected, she filed a charge of discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission. The agencies found her allegations to be unsubstantiated, and the EEOC issued a right-to-sue letter referencing both Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634.

Baldwin then sued in the district court. The body of her complaint mentions no constitutional or statutory provision, and for that reason the Reclamation District argued that the suit should be dismissed for lack of subject-matter jurisdiction. The defendant also contended that Baldwin's complaint fails to state a claim. The district court implicitly rejected the jurisdictional contention but agreed with the Reclamation District that Baldwin's suit must be dismissed because her allegations show that a missing credential is why she could not be hired.

Baldwin appeals, but she does not dispute the district court's reading of her complaint.[1] "A plaintiff whose allegations show that there is an airtight defense has pleaded

---

[1] Apparently the Reclamation District stands by its contention that the district court lacked subject-matter jurisdiction because Baldwin's complaint does not link her claim of discrimination to a specific federal statute or constitutional provision. That understanding is incorrect. A complaint is satisfactory if it states a claim for which relief in the federal court is available; the plaintiff can supply the legal theory later. *E.g., Rabé v. United Air Lines*, 636 F.3d 866, 872 (7th Cir. 2011); *Williams v. Seniff*, 342 F.3d 774, 792 (7th Cir. 2003); *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). In any event, the Reclamation District is wrong in saying that Baldwin's complaint does not mention a federal statute. She attached, and thus incorporated into her complaint, the right-to-sue letter, *see* FED. R. CIV. P. 10(c); *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012), and this document makes obvious that Baldwin's complaint arises under Title VII and the ADEA. Though a right-to-sue letter standing alone would not qualify as a complaint, *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 150 (1984), we will not judge a plaintiff's complaint "so narrowly as to foreclose the full adjudication of her claim on the mere failure to cite Title VII explicitly," *Brown v. Reliable Sheet Metal Works, Inc.*, 852 F.2d 932, 933 n.1 (7th Cir. 1988); *see also Judkins v. Beech Aircraft Corp.*, 745 F.2d 1330, 1332 (11th Cir. 1984) (relying on right-to-

himself out of court, and the judge may dismiss the suit on the pleadings" under Federal Rule of Civil Procedure 12(c). *Richards v. Mitcheff*, No. 11–3227, 2012 WL 3217627, at *2 (7th Cir. Aug. 9, 2012); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008); *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 650 (7th Cir. 2006). To prevail on her claim that unlawful discrimination explains the Reclamation District's hiring decision, Baldwin eventually would have to prove that she is qualified to work as a paralegal for the defendant. *See Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 772 (7th Cir. 2006); *Ritter v. Hill 'N Dale Farm, Inc.*, 231 F.3d 1039, 1045 (7th Cir. 2000). But Baldwin does not dispute that she lacks a paralegal certificate from an ABA-accredited program (her school is accredited, she says, though not by the ABA). And while it is "not right," she asserts, that the Reclamation District should favor applicants who completed a program approved by the ABA, Baldwin never contended that this requirement is not the real reason she was turned down, *see Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 394 (7th Cir. 2010); *Thanongsinh*, 462 F.3d at 772–73, or that it has a disparate impact on candidates who are black, female, or older, *see Lewis v. City of Chicago, Ill.*, 130 S. Ct. 2191, 2197–98 (2010). Therefore, we agree with the district judge that Baldwin pleaded herself out of court. *See Tamayo*, 526 F.3d at 1086.

We have considered Baldwin's remaining contentions, and all are without merit.

AFFIRMED.

---

sue letter along with underlying charge of discrimination detailing factual basis for plaintiff's discrimination claim).