ROWER, Circuit Judge,
joined by WILLIAMS and HAMILTON, Circuit Judges, dissenting.
I join Judge Hamilton’s dissent and Judge Wood’s concurrence in all but Part III. Judge Wood in her concurrence has rightfully reminded us that our legal analysis should not rest on “fear that Bivens liability would cause Cabinet Secretaries to carry out their responsibilities with one eye on their wallets, rather than for the greater good of their department and the country.” Ante at 210. I agree with Judge Wood that such fear is disrespectful of those who serve in government and dismissive of the protections that such liability affords against serious and intentional violations of the Constitution. For this same reason, we cannot allow fear to cause us to stray from the established federal pleading standards governing resolution of a motion to dismiss. This case lends credence to the cliched adage that hard facts make bad law.
*226 To survive a motion to dismiss, a complaint need not do more than enunciate a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plausibility standard is not akin to a “probability requirement.” Twombly, 550 U.S. at 556, 127 S.Ct. 1955. It does not imply that the district court should decide whether the claim is true, which version of the facts to believe, or whether the allegations are persuasive. See Iqbal, 556 U.S. at 679, 129 S.Ct. 1937; Richards v. Mitcheff, 696 F.3d 635, 636-37, 637-38 (7th Cir.2012); Morrison v. YTB Int'l, Inc., 649 F.3d 533, 538 (7th Cir.2011); Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir.2010). Provided the complaint invokes a recognized legal theory (and for the reasons expounded upon by Judge Wood and Judge Hamilton, it does), and contains plausible allegations on the material issues, it cannot be dismissed under Rule 12. Richards, 696 F.3d at 637-38.
Vance and Ertel have alleged Secretary Rumsfeld’s direct participation in their torture. Vance contends, for example, that Secretary Rumsfeld authorized the interrogation tactics utilized on the plaintiffs and that some of these techniques required Secretary Rumsfeld’s personal approval on a case-by-case basis thus inferring that Secretary Rumsfeld must have authorized the torturous interrogation himself. (R.116, p. 44, ¶ 217). These claims may not be true, and if they are, the plaintiffs may have little chance of providing sufficient evidence to convince a trier-of-fact, but they are nevertheless plausible and contain more than bare legal conclusions. Twombly and Iqbal require no more.
I fear future appeals of dismissals will be muddied by the court’s attempt to refract the Rule 12(b)(6) standard to protect a high level governmental official engaged in a war to protect the citizens and ideals of this country. But even in the most difficult of cases, we must adhere to the federal pleading requirements dictated by Federal Rule of Civil Procedure 12(b)(6) and the precedent of the United States Supreme Court.