NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted December 3, 2013[*]

Decided January 8, 2014

## Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 13-2557 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| DANNY R. RICHARDS, *Plaintiff-Appellant*, | |
| *v.* | |
| MICHAEL MITCHEFF, *et al.*, *Defendants-Appellees.* | No. 1:10-cv-1583-SEB-MJD Sarah Evans Barker, *Judge.* |

## Order

We remanded this case so that the district court could decide whether (and, if so, for how long) Danny Richards was too disabled to have filed this suit. 696 F.3d 635 (7th Cir. 2012). Indiana law treats disability as a reason for tolling the statute of limitations, and federal law under 42 U.S.C. §1988 absorbs both the period of limitations from state law and the corresponding tolling rules. On remand, the district court granted

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

summary judgment against Richards, holding that Indiana's rules do not justify his delay in filing suit. 2013 U.S. Dist. LEXIS 88816 (S.D. Ind. June 25, 2013).

Richards's claim accrued in October 2008. (Our first opinion supplies details, which need not be repeated.) He filed this suit under 42 U.S.C. §1983 in December 2010, more than the two years ordinarily available to a plaintiff in Indiana. His principal argument on appeal is that he was disabled for at least 45 days, and likely longer, during the two years provided by Indiana law. He contends that time during which a would-be plaintiff is under a disability should be added to the period otherwise allowed for suit.

Unfortunately for Richards, that is not how Indiana's tolling doctrine works. *Herron v. Anigbo*, 897 N.E.2d 444 (Ind. 2008), holds that, if a victim of a tort is disabled during part of the period of limitations, but becomes well enough to file suit before that time expires, then the victim must file suit before the normal expiration date "if possible in the exercise of due diligence." *Id*. at 449. Richards does not contend that he remained too sick to sue well into 2010 or that it would not have been possible "in the exercise of due diligence" to file suit within two years of his discharge from the hospital on October 30, 2008. Indiana's tolling doctrine therefore does not excuse the lateness of this suit.

Richards does contend that, until shortly before he filed his complaint, he did not understand that his medical treatment was actionable, but that is an argument for a later accrual date, not for tolling of the time once a claim has accrued. And it is unsound as an argument for deferred accrual. Federal law determines the date of a federal claim's accrual, see *Wallace v. Kato*, 549 U.S. 384, 388 (2007), and under federal law a claim accrues when a reasonable person would perceive the existence and cause of an injury. See *United States v. Kubrick*, 444 U.S. 111 (1979). The need for time to inquire whether a particular injury can give rise to legal redress is among the reasons why statutes of limitations are as long as they are; the period of limitations is designed for investigation, not for tarrying after a person already knows enough to sue.

According to Richards, the district judge should have recruited counsel to assist him. Our first opinion suggested exactly this, because it could have been difficult to marshal and evaluate the sort of medical evidence needed to support tolling under Indiana law. As it turned out, however, the obstacle to proceeding was legal rather than factual. The holding of *Herron*, combined with the lack of any argument that Richards was too sick to file suit throughout 2010, made summary judgment for the defendants inevitable. A lawyer could not have done him any good.

AFFIRMED