> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2018[*]
Decided November 1, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-1537

| | |
|---|---|
| JASON M. PARKER,<br>    *Plaintiff-Appellant,*<br><br>*v.*<br><br>SAMANTHA TIETZ,<br>    *Defendant-Appellee.* | Appeal from the United States District<br>Court for the Eastern District<br>of Wisconsin.<br><br>No. 17-C-0955<br><br>Lynn Adelman,<br>*Judge.* |

## O R D E R

Jason Parker, formerly a Wisconsin prisoner, alleges that a correctional officer refused to submit his written grievances and requests to see a supervisor about previously unanswered grievances. Parker seeks damages against the officer for "deliberate indifference, negligence, [and] violation [of] 1st Amendment." The district court dismissed Parker's complaint for failure to state a claim, concluding that Parker

---

[*] The defendant was not served with process in the district court and is not participating in this appeal. We have agreed to decide this case without oral argument because the appellate brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

had no constitutional right to an effective grievance process, and he did not allege that the officer hindered his right of access to the courts. We affirm the judgment.

We accept as true the allegations in Parker's complaint. *See Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Parker's allegations revolve around his interactions with Samantha Tietz, a correctional officer at Kenosha County Jail, in May 2017. After submitting written request slips and grievances without ever receiving responses, Parker became frustrated. So he wrote two additional grievances and requested permission to speak with "supervision" to address the lack of response. Tietz told Parker that he could never "speak to the supervisor, not now, not ever." She continued: "Nobody gives a f*** about your request or your grievances, I'm just telling you now. Do you understand me?" Parker never received a response to these latter grievances so he filed this complaint.

Parker sued Tietz under 42 U.S.C. § 1983, and at screening, the district court dismissed the complaint for failure to state a claim, *see* 28 U.S.C. § 1915A, and assessed a strike, *see id*. § 1915(g). The judge concluded that Parker failed to set forth a plausible claim that Tietz hindered his First Amendment right of access to the courts. We review the dismissal de novo. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

Parker's brief on appeal barely passes muster: he incorporates other documents by reference, *see Albrechtsen v. Bd. of Regents of Univ. of Wisconsin Sys.*, 309 F.3d 433, 436 (7th Cir. 2002), and barely develops any argument with citations to legal authority, *see* Fed R. App. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d, 545 (7th Cir. 2001). We will, however, construe the pro se brief liberally and address the discernable argument. *See Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017).

Parker contends generally that the district court erroneously dismissed his complaint without taking evidence. The soundness of a complaint, however, is judged by whether its allegations, accepted as true, plead a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Evidence comes later and is not part of the assessment at the pleading stage. *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

Here, however, there is no "recognized legal theory" under which Parker could recover damages from Tietz. *See Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012). The only constitutional claim potentially implicated by Parker's complaint was a claim that Tietz's conduct violated Parker's First Amendment right of access to the courts.

*See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). That right "includes the right to pursue the administrative remedies that must be exhausted before a prisoner can seek relief in court." *Id*. But Parker needed to allege that Tietz's impediment of his ability to file grievances (which we assume to be true) prevented him from bringing or litigating a claim in court for an independent wrong. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[T]he very point of recognizing any access claim is to provide some effective vindication for a *separate and distinct right to seek judicial relief for some wrong*." *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002) (emphasis added). The right of access is "ancillary to the underlying claim." *Id*. at 415.

Parker failed to allege that Tietz frustrated any "underlying claim" by interfering with his filing of grievances. On appeal, Parker refers obliquely to a medical issue (scabies), but in his complaint he says nothing about having filed unanswered grievances about inadequate medical care. According to his pleading, he complained about unspecified "grievances not getting responded to" and "failure to speak with supervision multiple attempts." These complaints did not implicate violations of his federal constitutional or statutory rights that create cognizable "underlying claims" under 42 U.S.C. § 1983. Violations of prison policies do not count: "inadequacies of the grievance procedure itself, as distinct from its consequences, cannot form the basis for a constitutional claim." *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015). Simply put, "the alleged mishandling of [an inmate's] grievances … states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

We advise Parker that because he now has three strikes, with limited exceptions, he may not proceed in forma pauperis in future federal cases, 28 U.S.C. § 1915(g), though the strike does not affect his other pending cases.

AFFIRMED