# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 10, 2020[*]
Decided November 12, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2460

| | |
|---|---|
| ASHER B. HILL,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>CHRISTOPHER NICHOLSON, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division.<br><br>No. 2:20-cv-00094-JRS-DLP<br><br>James R. Sweeney II,<br>*Judge.* |

**O R D E R**

Asher Hill, an Indiana inmate, sued Officer P. Stump and others at Wabash Valley Correctional Facility, alleging that Stump violated the Eighth Amendment by maliciously shutting off available hot water when Hill showered and turning off hot

---

[*] Appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

sink water to his cold cell for over one year. *See* 42 U.S.C. § 1983. The district court dismissed his suit at screening. Because Hill's complaint states a claim that Stump's actions were "cruel and unusual," we vacate and remand; we otherwise affirm.

In reviewing Hill's appeal, we take as true his allegations, including those in his appellate brief that are consistent with his amended complaint. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1039 (7th Cir. 2012). Hill contends that on June 29, 2018, as he showered, Stump turned off his hot water, taunting "Hey Hill, I turned off the hot water in your cell." Since then, Stump "always shut off the hot water" while Hill showered. During this time, Hill lived in the segregation unit, which is "extremely cold." When Hill returned "shiver[ing]" from his cold showers to his cold cell, he alleges that he caught the flu. Moreover, every time Hill moved to another cell, Stump shut off hot water to the sink of his new cell. The lack of hot sink water prevented Hill from brushing his teeth because dental work made him unable to bear the cold temperature. Hill filed grievances about Stump's actions. Reviewing officers told Hill that either "the circulation pump needed to be replaced," "the regulation pump went out," or "the master control board was not working." (In his original complaint, Hill also alleged that he did not have a working toilet in his cell since 2017. Hill did not replead these allegations in his later complaint, so we do not consider them. *See Riley v. Elkhart Cmty. Schs.*, 829 F.3d 886, 890 (7th Cir. 2016).)

The district court dismissed Hill's suit at screening. *See* 28 U.S.C. § 1915A. Because Hill filed his suit on February 18, 2020, the court dismissed claims in his original complaint that arose before February 18, 2018, as blocked by the two-year statute of limitations. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (adopting IND. CODE § 34-11-2-4 for § 1983 claims). It dismissed his claims about hot water because, in its view, he did not adequately allege a violation of the Eighth Amendment. It allowed Hill to amend his complaint to state such a violation, but later dismissed the amended complaint for failing to do so.

On appeal, Hill argues that, by maliciously shutting off his hot shower water, by returning him afterward to his extremely cold cell, and by shutting off hot water to whichever cell he was assigned, Stump violated the Eighth Amendment. To state a claim that prison officials violated the Eighth Amendment, Hill must allege they caused him "[t]he unnecessary and wanton infliction of pain." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). This includes extreme deprivations that impose "pain without any penological purpose" or deny "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Minimum necessities in prison include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities (*i.e.,* hot and cold water, light, heat, plumbing)." *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) (quoting *Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir. 1980)).

At this stage, Hill has adequately alleged that Stump violated the Eighth Amendment by inflicting needless pain on him with cold showers whenever Hill tried to cleanse, despite available hot water. Because the entire segregation unit in which Hill lived was "extremely cold," Stump knew that cold showers combined with a cold cell would likely cause Hill serious illness and pain, as they did. *See Hope*, 536 U.S. at 738 (subjecting inmates to "substantial risk of physical harm" and "unnecessary pain" despite the "clear lack of emergency" violated the Eighth Amendment). Moreover, Stump appears to have targeted Hill individually because, as he turned off Hill's hot shower water, he boasted "I turned off the water in your cell," adding to Hill's unnecessary pain. A prison official who denies otherwise available heated water to someone who lives in a cold cell, for no purpose but to inflict pain and deny a reasonable means of hygiene, as Hill has alleged of Stump, may violate the Eighth Amendment. *See, e.g., Rhodes*, 452 U.S. at 347. Of course, we are dealing only with allegations; they may be false, or Stump may have had legitimate reasons. Further developments are needed beyond these allegations to prove his claim.

Lastly, Hill alleges that the officers who reviewed his grievances violated the Eighth Amendment by not rectifying the water problem, but he is incorrect. Officers responding to grievances do not act deliberately indifferent by "car[rying] out [their] job exactly as [they were] supposed to." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Because Hill alleges that the reviewing officers responded to his grievances, they fulfilled their constitutional responsibility. *Id.* He replies that "logic suggest[s]" that their responses (about an inoperable pump and control board) were incorrect, so he concludes that they must have turned a "blind eye" to his grievances. But a court is not required to accept such legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And Hill never alleges, despite having received an extra chance to do so, that the reviewing officers reached their assessments without genuinely investigating the matter. Because Hill does not allege that these reviewing officers created any new constitutional wrongs—they merely did not stop Stump's alleged violation—Hill's suit against them was properly dismissed. *See Burks*, 555 F.3d at 595–96.

We have considered Hill's other arguments, and none has merit.

We thus VACATE the judgment for Stump, AFFIRM the judgment for the other defendants, and REMAND for further proceedings.