In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 20-2076

JUSTIN HERRERA,

*Plaintiff-Appellee,*

*v.*

TERESA CLEVELAND,
SAMUEL DIAZ, and ENRIQUE MARTINEZ,

*Defendants-Appellants.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 18-CV-6846 — **Thomas M. Durkin**, *Judge.*

---

ARGUED DECEMBER 1, 2020 — DECIDED AUGUST 6, 2021

---

Before SYKES, *Chief Judge*, and BRENNAN and SCUDDER, *Circuit Judges.*

BRENNAN, *Circuit Judge.* Justin Herrera, an Illinois state prisoner, filed a 42 U.S.C. § 1983 action against three correctional officers of the Cook County Jail for failing to protect him from assault and denying him prompt medical care. In his timely filed original complaint, Herrera named each of the defendants "John Doe" as a nominal placeholder until he

could ascertain the proper identities of the officers. Herrera then twice amended his complaint to include their actual names—but did so outside of the two-year limitations period.

The officers moved to dismiss Herrera's claim as time barred, and the district court denied that motion. Reasoning that suing "John Doe" defendants constituted a "mistake" under Federal Rule of Civil Procedure 15(c)(1)(C)(ii), the district court concluded that Herrera's amended complaint "related back" to his original complaint. The officers then filed this interlocutory appeal. Because knowingly suing a John Doe defendant is not a "mistake" within the meaning of Rule 15(c), we reverse the district court's judgment.

## I

On October 25, 2016, Herrera—then a pretrial detainee at the Cook County Jail in Chicago—was physically assaulted by a group of detainees while temporarily placed together in a holding cell.[1] A fellow detainee accosted Herrera, accused him of affiliation with a rival gang, and threatened him. As the situation intensified, Herrera alerted the correctional officers by banging on the door and calling for help. A correctional officer approached the cell to observe the situation, brushed off Herrera's warnings, and walked away. Shortly after, the aggressive detainee and eight others attacked Herrera, severely injuring him. Only after the assault did a correctional officer open the door and remove Herrera from the holding cell. Herrera then waited two hours before correctional

---

[1] We gather these facts from Herrera's second amended complaint filed on December 10, 2019.

officers took him to the jail's health service facility and an additional six hours before they transported him to a hospital.

On October 9, 2018, seventeen days before the limitations period was set to expire,[2] Herrera filed a pro se complaint against three correctional officers assigned to monitor the holding cell on the day of his assault. He claimed the officers deliberately ignored his calls for help and denied him prompt medical care, in violation of the Fourteenth Amendment's Due Process Clause. Not knowing the proper identities of the officers, Herrera named each of the three defendants "John Doe" as a nominal placeholder. Two months later, the district court published an order, adding Cook County Sheriff Thomas Dart as a nominal defendant and directing the U.S. Marshal to serve Dart. In that order, the district court denied Herrera's motion for attorney representation and urged him to "identify and name the real parties in interest as soon as possible in order to avoid potential statute of limitations problems." After Dart waived service in January 2019, Herrera moved for an extension of time to complete service. The district court responded with an order informing Herrera that Dart had waived service and that "[a]t this time, no action on the part of Plaintiff is required."

In April 2019, Herrera sent two letters to Dart, with copies to the court, seeking information about the identities of the correctional officers on duty on the day of his assault. He requested the "name, badge number, and the rank" of the

---

[2] Section 1983 provides a federal cause of action, but the forum state's personal injury law determines the length of the statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007); *see Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019). In Illinois, the limitations period for personal-injury torts is two years. 735 ILL. COMP. STAT. 5/13-202.

officers assigned to supervise the holding cell "on 10/25/16 during the 7am–3pm shift." Dart subsequently provided information that allowed Herrera to identify the last names of two officers listed in the incident report containing information about Herrera's assault. The district court appointed counsel to represent Herrera on May 28, 2019. Then on October 3, 2019, Herrera amended his complaint, naming Teresa Cleveland and Samuel Diaz as two of the three John Doe defendants. After further discovery, Herrera identified Enrique Martinez as the third John Doe officer and added him as a defendant in the second amended complaint on December 10, 2019.

The officers moved to dismiss the complaint, asserting that Herrera's claims were time barred. Although the officers acknowledged that Herrera filed his original complaint within the applicable limitations period of two years, they argued that Herrera did not identify all three defendants until more than a year after the limitations period had run. Herrera's amended complaint, the officers continued, did not "relate back" to the date when he filed his original complaint because naming John Doe defendants is not a "mistake" under Federal Rule of Civil Procedure 15(c)(1)(C)(ii). What is more, the officers contended that equitable tolling cannot save Herrera's § 1983 action because he failed to exercise reasonable diligence in pursuing his claims.

The district court disagreed. It explained that Herrera's second amended complaint related back to his timely filed original complaint because naming a John Doe defendant constituted a mistake within the meaning of Rule 15(c). In doing so, the district court recognized circuit precedent observing that naming a John Doe defendant is not a mistake. *See*

*Hall v. Norfolk Southern Railway Co.*, 469 F.3d 590, 596 (7th Cir. 2006). But *Hall*, the district court emphasized, stood "inconsistent" with the Supreme Court's more recent holding in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 555–57 (2010), in which the Court concluded that suing a similarly named (but wrong) corporate entity was a "mistake." Then citing other unpublished decisions in our circuit, the district court here concluded that *Krupski* "serve[d] to overrule *Hall*" and that "amendments identifying previously unidentified defendants relate back to the timely filed original complaint." So it denied the officers' motion to dismiss without addressing the equitable tolling question.

Following that decision, the officers moved to certify an interlocutory appeal under 28 U.S.C. § 1292(b) on the question of whether naming a John Doe defendant in lieu of an actual defendant constitutes a "mistake" under Rule 15(c). The district court granted the motion, and this court accepted the officers' interlocutory appeal. We review de novo the district court's denial of a motion to dismiss on statute of limitations grounds. *Smith v. City of Chicago*, 3 F.4th 332, 335 (7th Cir. 2021).

## II

Under Rule 15(c)(1)(C), an amendment to a pleading that "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original pleading so long as: (1) the amendment asserts a claim or defense arising out of the same conduct, transaction, or occurrence as the original complaint; (2) "within the period provided by Rule 4(m)," the party added by amendment "received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) the added party "knew

or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*." (emphasis added). This appeal concerns the third point—whether naming a John Doe defendant constitutes a mistake concerning the identity of the proper party.

This court has previously recognized that Rule 15(c)'s "mistake" clause does not apply when the plaintiff "simply lacks knowledge of the proper defendant." *Hall*, 469 F.3d at 596. In *Hall*, a plaintiff timely sued the wrong corporation and later moved to amend the complaint to add the proper defendant. *Id.* at 593. By the time he filed a motion to amend, the limitations period had expired, so the plaintiff could amend the complaint only if it related back to his original pleading. *Id.* The plaintiff argued that his failure to name the correct corporation was a mistake concerning the proper party's identity under Rule 15(c). *Id.*

Not so, said this court. We rejected the plaintiff's argument and concluded that "[a] plaintiff's ignorance or misunderstanding about who is liable for his injury" does not satisfy Rule 15(c)'s mistake requirement. *Id.* at 596. This court analogized the plaintiff's case with John Doe cases, noting that in both scenarios the parties "did not know who to name as defendants before the limitations periods expired." *Id.* Elaborating on this point, this court emphasized that a plaintiff naming a John Doe defendant "because he does not know who harmed him" is not a mistake under Rule 15(c). *Id.* Our circuit has long adhered to this "John Doe rule." *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 864 n.1 (7th Cir. 2012) (noting that in a John Doe case, a "plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of Federal Rule of Civil Procedure 15(c)"); *Worthington v. Wilson*,

8 F.3d 1253, 1257 (7th Cir. 1993) (explaining that a plaintiff's "lack of knowledge" as to the defendants' identities does not amount to "a mistake in their names"); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980) (stating that Rule 15(c) "does not permit relation back where … there is a lack of knowledge of the proper party").

Herrera argues *Krupski* undermined this longstanding rule. Other courts in this circuit—including the district court here—have done the same, suggesting *Krupski* essentially overruled our circuit precedent implicating the John Doe scenario. *See, e.g.*, *Miller v. Panther II Transp., Inc.*, No. 17-cv-04149-JMS-TAB, 2018 WL 3328135, at *6 (S.D. Ind. July 6, 2018) (concluding that "inadequate knowledge can constitute a mistake"); *Haroon v. Talbott*, No. 16-cv-04720, 2017 WL 4280980, at *7 (N.D. Ill. Sept. 27, 2017) (same); *White v. City of Chicago*, No. 14-cv-3720, 2016 WL 4270152, at *15–17 (N.D. Ill. Aug. 15, 2016) (reasoning that *Krupski* applies in the John Doe context); *Brown v. Deleon*, No. 11 C 6292, 2013 WL 3812093, at *6 (N.D. Ill. July 18, 2013) ("*Krupski* supports that inadequate knowledge and lack of full information regarding a defendants' identity satisfies the mistake requirement for Rule 15(c)(1)(C).").

In *Krupski*, the Supreme Court examined whether Rule 15(c)(1)(C) allowed amended pleadings to relate back when the plaintiff mistakenly sued a subsidiary, only to later realize that she meant to sue its parent corporation. 560 U.S. at 543–44. Holding that the plaintiff made a "mistake" allowing her pleadings to relate back, the Court explained that whether an amended pleading relates back depends on "what the prospective *defendant* knew or should have known" and "not what the *plaintiff* knew or should have known." *Id.* at 548. In

reaching this conclusion, the Court defined mistake as "[a]n error, misconception, or misunderstanding; an erroneous belief," *id.* (alteration in original) (quoting BLACK'S LAW DICTIONARY 1092 (9th ed. 2009)), and further described the word to include "'a misunderstanding of the meaning or implication of something'; 'a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention'; 'an erroneous belief'; or 'a state of mind not in accordance with the facts.'" *Id.* (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1446 (2002)).

The Court in *Krupski* then delineated the scope of "mistake" for purposes of Rule 15(c). A plaintiff's "deliberate but mistaken choice," the Court noted, does not entirely foreclose an amendment from relating back under Rule 15(c)(1)(C). *Id.* at 549. That is because "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role," leading that plaintiff to mistakenly "sue a different defendant based on that misimpression." *Id.* Still, the Court made clear that a plaintiff's deliberate choice to sue one party over another while "fully understanding factual and legal differences" between them is "the antithesis of making a mistake concerning the proper party's identity." *Id.*

Contrary to several district courts in our circuit, we do not read *Krupski* as a sea change in the handling of John Doe claims. True, it is difficult to reconcile the result in *Hall* (not a John Doe case) with *Krupski*, but that does not change *Hall*'s persuasiveness in its discussion of John Doe cases. *Krupski* simply did not alter the definition of mistake under Rule 15(c). For three reasons, we hold that naming a John Doe

defendant does not constitute a "mistake" within the meaning of Rule 15(c)(1)(C)(ii).

*First*, naming a defendant as John Doe in the complaint is not based on an error, misconception, misunderstanding, or erroneous belief. Nor is it "a mere slip of the pen." *Joseph v. Elan Motorsports Techs. Racing*, 638 F.3d 555, 560 (7th Cir. 2011) (internal quotation marks omitted). Rather, it is a deliberate choice. As the officers point out, a plaintiff naming a John Doe defendant sues "a fictitious individual in lieu of a real person." That is, the plaintiff names a John Doe defendant knowing full well the factual and legal differences between the nominal defendant and the proper defendant. Such an intentional and informed decision cannot amount to a mistake.

*Second*, a John Doe case and *Krupski* are different in kind. Whereas the plaintiff in *Krupski* had no idea she lacked knowledge of the proper defendant's identity, Herrera sued John Doe defendants fully aware that he lacked adequate information to ascertain the correctional officers' identities. Put differently, the plaintiff in *Krupski* did *not* know what she did not know; Herrera *did* know what he did not know. The Court in *Krupski* did not address the John Doe scenario presented in this case.

*Third*, the definition of "mistake" under Rule 15(c)(1)(C)(ii) does not extend to a John Doe scenario. The district court here relied on its previous decision in *White*, 2016 WL 4270152, at *15–20, to conclude that a plaintiff's inadequate knowledge of the defendant's identity constitutes a mistake. In that case, the district court pointed to the secondary definition cited in *Krupski*, which defined mistake as "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention." *Krupski*, 560 U.S. at

548–49 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1446 (2002)). Highlighting that portion of *Krupski*, the district court in *White* reasoned that "[b]y referencing 'inadequate knowledge' the Supreme Court implied that its reasoning applied to a John Doe pleading." 2016 WL 4270152, at *16.

But this reading isolates the phrase "inadequate knowledge" from its context and misconstrues *Krupski* by omitting the first half of the *Webster's* definition. *Krupski* does not treat "inadequate knowledge" and "mistake" as the same. Based on the full secondary definition cited in that case, it is the "wrong action" stemming from "inadequate knowledge" that amounts to a mistake. *Krupski*, 560 U.S. at 548–49. The district court's selective reading elides the difference between a lack of knowledge and an action undertaken due to a lack of knowledge. This distinction is critical. Naming a John Doe defendant as a nominal placeholder is not a wrong action proceeding from inadequate knowledge; it is a proper action on account of inadequate knowledge.

In sum, suing a John Doe defendant is a conscious choice, not an inadvertent error. *Krupski* neither overruled nor undermined our circuit's treatment of the John Doe issue. And many of our sister circuits share our position post-*Krupski*. *See, e.g.*, *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (observing that *Krupski* did not abrogate or reconfigure the court's previous decision in which it held "an amendment to replace a John Doe defendant is made not to correct a mistake but to correct a lack of knowledge and is therefore not a mistake under Rule 15(c)(1)(C)" (internal quotation marks omitted)); *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 471 (5th Cir. 2019) (affirming a grant of summary judgment on statute of

limitations grounds because "[f]ailing to identify individual defendants cannot be characterized as a mistake"); *Heglund v. Aitkin Cnty.*, 871 F.3d 572, 579 (8th Cir. 2017) (concluding that naming a John Doe defendant is not a "mistake"). Because Herrera's second amended complaint cannot relate back to the date of his original complaint under Rule 15(c)(1)(C), it is untimely.

Herrera's case does not necessarily end here. As he argued in the district court and does so again on appeal, the doctrine of equitable tolling may apply. Equitable tolling halts the limitations clock "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Xanthopoulos v. United States Dep't of Lab.*, 991 F.3d 823, 831 (7th Cir. 2021) (internal quotation marks omitted); *see Farzana K. v. Indiana Dep't of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007) (noting that equitable tolling "deals with situations in which timely filing is not possible despite diligent conduct"). And it is the plaintiff's burden to show "he diligently pursued the claim and some extraordinary circumstances prevented him from filing his complaint within the statute of limitations." *Sparre v. United States Dep't of Lab.*, 924 F.3d 398, 402–03 (7th Cir. 2019) (internal quotation marks omitted).

To be sure, equitable tolling is rare. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly."). But it remains available here. Whether Herrera satisfies this test is a factual inquiry beyond the scope of this interlocutory appeal, so we leave this issue for the district court to consider on remand.

### III

We therefore REVERSE the district court's judgment and REMAND for further proceedings consistent with this opinion.