NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2022[*]
Decided September 20, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

CANDACE JACKSON-AWKIWUMI, *Circuit Judge*

No. 22-2314

| | |
|---|---|
| STEVEN JOHN HECKE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Indiana, Fort Wayne Division. |
| *v.* | |
| | No. 1:21-CV-478-HAB-SLC |
| UNKOWN AGENTS OF UNITED | |
| STATES DRUG ENFORCEMENT | Holly A. Brady, |
| ADMINISTRATION, et al., | *Judge*. |
| *Defendants-Appellees*. | |

## O R D E R

Steven Hecke sued unknown law-enforcement officers for using excessive force when arresting him. He filed suit within the limitations period, but the district court screened and dismissed his complaint because it determined that any amended

---

[*] The appellees were not served with process and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. FED. R. APP. P. 34(a)(2)(C).

pleading identifying the officers would be untimely, would not relate back to the original complaint, and would not be subject to any tolling principle. This was premature, and we reverse.

In reviewing this dismissal at screening, we accept the factual allegations in the complaint as true and draw reasonable inferences in Hecke's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020). On January 13, 2020, Hecke was arrested and detained by officers from the Allen County (Indiana) Sheriff's Department and agents of the federal Drug Enforcement Agency. Hecke alleges that he was compliant during his arrest, but officers nevertheless assaulted and injured him: After he surrendered to the officers who chased him (he says he waited until they identified themselves), they pinned him to the ground and repeatedly slammed his head into the pavement, applying so much pressure to his back and neck that he could not breathe at times.

While detained at the Allen County Jail, Hecke became a plaintiff in a class-action lawsuit in which the conditions at the jail during his detention there were found unconstitutional because the occupants were denied "the minimal civilized measure of life's necessities." *Morris v. Sherriff of Allen Cnty.*, No. 1:20-CV-34-DRL, 2022 WL 971098, *5 (N.D. Ind. Mar. 31, 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). He also prepared to sue the officers who arrested him for excessive force, though his efforts to obtain pro bono legal help were unsuccessful. Aided by his criminal defense lawyer, however, he worked to identify the officers who were involved in his arrest. But the prosecution did not name the officers until near the start of his criminal trial—after the district court dismissed this civil action.

On December 21, 2021, Hecke filed a complaint alleging that officers used excessive force during his arrest, in violation of his rights under the Fourth Amendment. *See* 42 U.S.C. § 1983; *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Hecke identified no defendants by name. Instead, he sued "unknown agents" of the United States Drug Enforcement Administration, the Allen County Sherriff's Department, and the Allen County Drug Task Force and SWAT divisions.

The district court screened the complaint under 28 U.S.C. § 1915A and dismissed it on March 21, 2022, explaining that Hecke improperly sued unidentified defendants and could not timely cure this defect. The court explained that Hecke "cannot proceed against unnamed defendants," and because he had filed just 23 days before the 2-year statute of limitations expired, there was no way the court could have timely completed what it recognized as "the necessary process to assist an unrepresented plaintiff in

identifying unknown defendants." Further, continued the court, failing to find out parties' names is not a "mistake," so any amended complaint would not relate back to the original. *See* FED. R. CIV. P. 15(c). The court therefore entered final judgment.

Hecke moved to reconsider under Rule 59(e) of the Federal Rules of Civil Procedure and filed an affidavit to support the facts. He argued that the statute of limitations should have been tolled because he had asked for the defendants' names in the context of his criminal case; he had attempted to secure counsel in this case; his ability to litigate was impeded by the COVID-19 pandemic; he had serious untreated and worsening mental health issues; and, finally, he was detained in unconstitutional conditions that made everything harder, *Morris*, 2022 WL 971098 at *5. Based on these circumstances Hecke argued that some kind of tolling should apply; he pointed to an Indiana statute, Ind. Code § 34-11-6-1, that applies tolling for plaintiffs of "unsound mind." *See id.* § 1-1-4-5(a)(24), (12).

The district court denied Hecke's motion. The court concluded that the circumstances were "insufficient to find that Hecke was incapable of managing his affairs," so the statutory tolling did not apply, and it did not address the other "underdeveloped" reasons for tolling. Hecke timely appealed this decision and the underlying judgment.

Before addressing timeliness, we note that, relying on a quotation from *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997), the district court ruled that Hecke's suit against "placeholder" defendants was ineffectual because a case "cannot proceed against unknown defendants." That was an overstatement; initiating litigation against anonymous defendants is not inherently problematic. *See, e.g., Bivens*, 403 U.S. 388; *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910 (7th Cir. 2000). But, as the district court recognized, they must be named before the statute of limitations expires. *See Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 1414 (2022).

Hecke asserts that he could have done so with the benefit of tolling, citing two tolling principles under Indiana law. (In *Bivens* cases and those under § 1983, a federal district court borrows the forum state's statute of limitations for personal injury actions. This includes tolling principles, but not accrual rules. *See Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985) (§ 1983); *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996) (*Bivens*).) First, a statute of limitations is tolled if a plaintiff is "legally disabled," Ind. Code § 34-11-6-1, which includes being of "unsound mind." *Id.* § 1-1-4-5(a)(24), (12); *see also Hayes v. Westminster Vill. N., Inc.*, 953 N.E.2d 114, 117 (Ind. App. 2011). Hecke insists that he was of "unsound mind" after March 1, 2021, while confined in the Allen County Jail—

or that, at the very least, the court could not conclude at screening that he was not. Second, Hecke argues that Indiana's more general principle of equitable tolling should apply. This exception to the statute of limitations applies only in "narrow" circumstances. *Spoljaric v. Pangan*, 466 N.E.2d 37, 44 (Ind. App. 1984) (quoting *Brown v. Gardner*, 308 N.E.2d 424, 591 (Ind. App. 1974)).

Because untimeliness is an affirmative defense, a district court has the power to sua sponte dismiss a case based on the statute of limitations only if the complaint is clearly untimely. FED. R. CIV. P. 8(c)(1). Complaints need not anticipate such defenses and attempt to defeat them. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). But if the allegations in a complaint establish an "airtight defense" a judge may dismiss the case. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Courts should be cautious when exercising this power based only on the complaint. *See Edgenet*, *Inc. v. Home Depot U.S.A. Inc.*, 658 F.3d 662, 664 (7th Cir. 2011).

Here, the court erroneously dismissed Hecke's complaint with prejudice because concluding that any amendment would be untimely was premature, as the Rule 59(e) motion argued. Although we derive tolling principles from state law, federal pleading standards apply, and "on the subject of the statute of limitations … [w]hat a complaint must plead is enough to show that the claim for relief is plausible." *Mitcheff*, 696 F.3d at 637. The court was wrong to say it could not "find" that Hecke was of unsound mind because "a judge cannot reject a complaint's plausible allegations" by discrediting them. *Mitcheff*, 696 F.3d at 638. Even assuming the court implicitly concluded that Hecke's allegations in support of tolling were implausible, we disagree. Hecke identified a legal theory supported in Indiana law (that he was of "unsound mind") and supported it with factual allegations that the violence, overcrowding, and disciplinary system of the jail dramatically worsened his mental health. Whether tolling applies is a "factual inquiry," *Herrera*, 8 F.4th at 499, and should not have been the basis for dismissal—or denying reconsideration—when its inapplicability was not obvious. *See Mitcheff*, 696 F.3d at 638.

Hecke is also correct that equitable tolling could apply, though we do not decide that question here. Under Indiana law, tolling can be invoked if a party was lulled into inaction by another party's attempts to "elude investigation" or to "mislead and hinder." *Kenworth of Indianapolis, Inc., v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 383 (Ind. 2019) (citing *Paramo v. Edwards*, 563 N.E.2d 595, 599 (Ind. 1990)). Hecke explains that he, with the assistance of his criminal defense lawyer, sought to identify the defendants through requests in the criminal proceedings. But the prosecution turned

over the relevant discovery material only recently, after his civil case was dismissed. It is not unreasonable to infer that, after he was unable to quickly get the names in his criminal case, Hecke did not believe he had any more right to them in this pro se civil case and was lulled into inaction. At a minimum, he contends that the names were actively concealed (for valid reasons) until it was too late in the civil case, which might call for tolling. (He could also show "good cause" for extending the time for serving the defendants under Rule 4(m) of the Federal Rules of Civil Procedure.)

Hecke timely filed his complaint, and the expiration of the statute of limitations before the court screened it was an insufficient basis for dismissal because the applicability of the defense was not plain. And when the court independently questioned the timeliness of the suit because of the unnamed parties, Hecke responded by arguing for tolling. Denying his Rule 59(e) motion based on an affirmative defense that was not airtight requires reversal. *See Mitcheff*, 696 F.3d.at 638.

Hecke also asks us to certify a question to the Indiana Supreme Court regarding which Indiana statute of limitations should apply to a § 1983 suit. But which limitations period a federal court borrows for a § 1983 action is a question of federal (not state) law. *See Wilson* 471 U.S. at 268–69. And we have answered that *Wilson* requires that it is Indiana's limitations period for personal-injury claims. *See Coopwood v. Lake Cnty. Comm. Dev. Dept.* 932 F.2d 677, 679 (7th Cir. 1991).

Because we remand, we remind the district court of its duty to help Hecke, a pro se litigant, identify and serve the defendants. *See Bryant v. City of Chicago*, 746 F.3d 239, 244 (7th Cir. 2014).

REVERSED and REMANDED