**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2021[*]
Decided December 22, 2021

*Before*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 21-1433

| | |
|---|---|
| JOHN BROWN, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern District. |
| *v.* | No. 20-cv-03599 |
| CITY OF CHICAGO, et al., <br> *Defendants-Appellees*. | John F. Kness, <br> *Judge*. |

**O R D E R**

John Brown, who had two criminal convictions vacated after serving the sentences, sued Cook County, the City of Chicago, and unnamed police officers and prosecutors involved in his arrests and prosecutions. He alleged that the defendants

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

fabricated evidence and enforced an unconstitutional criminal statute to bring about his convictions. The district court dismissed the amended complaint at screening, concluding that Brown's allegations were untimely or failed to state a claim. But his Due Process claim relates to his postconviction harm and is therefore timely because it accrued only when he was exonerated. Therefore, we vacate the judgment with respect to that claim and the related state-law claims; otherwise, we affirm.

We accept the well-pleaded facts in the complaint as true and review them in the light most favorable to Brown. *Perez v. Fenoglio*, 792 F.3d 768, 774 (7th Cir. 2015). One night in late 1994, Brown was leaving his friend's car when police officers stopped him without any good reason and forcibly detained him while they searched the car. The officers found a gun in the car, but Brown knew nothing about it. Still, Brown was arrested, prosecuted, and, after pleading guilty in 1995, was sentenced to two years' probation for Unlawful Use of a Weapon, 720 ILCS 5/24-1(a)(10).

About one year into his probation for the 1995 conviction, Brown was again stopped by police officers, this time while parking in front of his own house. The officers searched his car and claimed to find a gun, though Brown maintains that there was no gun in the car before the search. Still, in 1996, he pleaded guilty to the charge of Unlawful Use of a Weapon by a Felon, 720 ILCS 5/24-1.1—the predicate felony being the 1995 conviction—and was sentenced to two years in prison followed by another year of probation. Brown finished serving this sentence in 1999.

Almost 20 years later, the Illinois Supreme court found some of the state's firearm prohibition laws unconstitutional in *People v. Aguilar*, 2 N.E.3d 321 (Ill. 2013), and then more of them in *People v. Mosley*, 33 N.E.3d 137 (Ill. 2015). Brown then successfully petitioned the Illinois courts to vacate both of his convictions for unlawful use of a weapon. The 1995 conviction under 720 ILCS 5/24-1(a)(10) was vacated because there was "no difference" between the statute Brown was convicted under and one that a state appellate court struck down in *People v. Gamez*, 86 N.E.3d 1194 (Ill. App. Ct. 2017). The 1996 conviction under 720 ILCS 5/24-1.1 was vacated because it was predicated on the first. Brown also obtained a certificate of innocence for the 1995 conviction because the charged conduct was not criminal. Thereafter, he sued the City of Chicago and Cook County under 42 U.S.C. § 1983 based on the allegedly unlawful arrests and prosecutions that led to the now-vacated convictions.

Because Brown was incarcerated for an unrelated offense, the district court screened his complaint under 28 U.S.C. § 1915A. After determining that the complaint did not state a claim, the district court gave Brown an opportunity to amend it. The

amended complaint added unnamed police officers and prosecutors as defendants and alleged that they violated his Fourth Amendment and Due Process rights by stopping him without probable cause, enforcing an unconstitutional law, fabricating evidence— forcing him to confess—and, as to the second arrest, planting a gun. The complaint also alleged liability for City of Chicago and Cook County under *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, (1972). The court again dismissed the complaint, this time with prejudice, concluding that Brown failed to plead a valid *Monell* claim, lacked any timely claim related to his arrest, and could not bring what appeared to be a malicious-prosecution claim in a federal suit. The court further stated: "The acquittal of charges against the accused also precludes a federal Due Process claim stemming from the criminal prosecution."

We review the dismissal of the complaint at screening de novo. *Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018). Although our review is plenary, we agree with the district judge's explanation that Brown did not sufficiently plead a *Monell* claim and that he has no timely Fourth Amendment claims. First, Brown did not plead a proper *Monell* claim against either the City of Chicago or Cook County based on the enforcement of the later-vacated Illinois statute. Neither entity could be liable based on a policy of enforcing state criminal statutes in effect at the time. *See Lemon v. Kurtzman*, 411 U.S. 192, 208–209 (1972) (officials not liable for good faith enforcement of presumptively valid state statute). That is the only policy that Brown identifies.

Second, we agree with the district court that Brown's Fourth Amendment claims—which relate to whether he was arrested and detained without probable cause—are untimely. There is a two-year statute of limitations for an Illinois-based § 1983 claim. *Johnson v. Winstead*, 900 F.3d 428, 434 (7th Cir. 2018). And Brown's claims accrued when his pretrial detention ended, decades before his complaint in 2020. *See Manuel v. City of Joliet, Ill.*, 903 F.3d 667, 669–670 (7th Cir. 2018) (Fourth Amendment claim of unlawful pretrial detention accrues when detention ends), *enforcing* 137 S. Ct. 911, 920–22 (2017).

With respect to Brown's claim of unlawful posttrial detention, however, we agree with Brown that the dismissal here was too hasty. In his amended complaint, Brown directly attacks the procedure and evidence used to convict him and send him to prison. According to the complaint, he was convicted and imprisoned because police presented a "false and incomplete version of events to prosecutors," wrote false reports, and gave false statements and testimony, while the prosecutors knew what the police were doing and, rather than intervening, happily played along. This set of allegations is properly

characterized as a Due Process claim because, after a criminal conviction, "the Fourth Amendment drops out," and a challenge to the conviction or ensuing incarceration arises under the Due Process Clause. *Manuel v. City of Joliet, Ill.*, 137 S. Ct. at 920 n.8; *see also Lewis v. City of Chicago*, 914 F.3d 472, 480 (7th Cir. 2019).

This type of claim did not accrue along with the Fourth Amendment challenge to the arrest and pretrial detention. Under the Supreme Court's decisions in *Heck v. Humphrey*, 512 U.S. 477 (1994), and *McDonough v. Smith*, 139 S. Ct. 2149 (2019), Brown could not pursue a § 1983 claim about his prosecution while his convictions remained valid because, if he succeeded, the integrity of the convictions would necessarily be called in to doubt. As Brown argues, his Due Process claim was barred until his convictions were vacated based on later developments in the law.

Contrary to the district court's ruling, moreover, our decision in *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) (en banc), makes clear that a federal claim's similarity to the state-law tort of malicious prosecution is not fatal. The plaintiff in *Savory* was pardoned after spending 30 years in prison; he then brought § 1983 claims that "strongly resemble[d] the common law tort of malicious prosecution." *Id.* at 417. We concluded that, until his pardon, those claims—which were premised on harms the plaintiff suffered after his criminal conviction—were barred by *Heck*. *Id.* at 418, 431. Brown, too, challenges not just his arrest but his postconviction detention. And like the plaintiff in *Savory*, and for that matter in *Heck*, he therefore raises cognizable federal claims. *See Heck*, 512 U.S. at 484; *Savory*, 947 F.3d at 418.

The appellees now acknowledge that *Heck* barred Brown's Due Process claim until recently but contend that the claim, though timely, still is not viable because the "sole ground" it stands on is the unconstitutionality of the statute he was convicted under in 1995. Citing *Michigan v. DeFillippo*, 443 U.S. 31 (1979), the appellees contend that Brown's *arrest*, if made in good faith, cannot be unconstitutional solely because the underlying statute was later found to be. This argument is correct as far is it goes, but at most it provides an independent justification for dismissing the untimely Fourth Amendment claims. The Due Process claim does not arise from the arrest, but from the allegations of using a coerced confession and planted gun to convict him. *See Savory*, 947 F.3d at 412. And it is inconsistent to contend, as the appellees do, that this claim is distinct enough from the arrest-based claims to have been barred by *Heck* while the convictions stood but is simultaneously too embroiled in his arrests to stand separately.

The district court also dismissed Brown's state law claims, presumably using its discretion to relinquish supplemental jurisdiction over them under 28 U.S.C.

§ 1367(c)(3). Because the court cited no other basis for the dismissal of the state law claims, we note for completeness that, because we have reinstated the federal Due Process claim, the state-law claims are revived, too. *See Brunson v. Murray*, 843 F.3d 698, 715 (7th Cir. 2016).

On remand, a first order of business should be to allow Brown to amend the complaint to identify the appropriate defendants for the Due Process claim, because under § 1983 Brown must name the individuals personally involved in the alleged constitutional violations, and he must do so within the statute of limitations. *See* FED. R. CIV. P. 15(c)(1)(C); *Herrera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021). Limited discovery might be needed, and Brown should be allowed to maximize the time he has to name the proper defendants. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009) (citing *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785 (7th Cir. 1995)). We will therefore not make him wait the default period set by FED. R. APP. P. 41(b) for the mandate to issue.

We therefore VACATE the dismissal of Brown's Due Process and state-law claims and REMAND for further proceedings. We AFFIRM the rest of the judgment. The mandate shall issue forthwith.